### KLUPP *v.* UNITED ICE LINES.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—KNOWLEDGE OF MASTER.
    When a servant is injured through a defect of machinery furnished by the master, knowledge of such defect must be brought home to the master, or proof given that he was ignorant of the same through want of proper care, in order to render him liable.  Following *Martin* v. *Cook*, 14 N. Y. Supp. 329.

2. SAME—KNOWLEDGE OF FOREMAN.
    Where a foreman directs an employe to perform an act not manifestly improper in itself, and which the foreman had no reason to suspect could result in an accident, and from which the employe himself evidently did not anticipate danger, a *prima facie* case of negligence is not made out against the master merely by the happening of the accident.  Following *Martin* v. *Cook*, 14 N. Y. Supp. 329.

Appeal from circuit court, Putnam county.

Action by August C. Klupp against United Ice Lines.  From a judgment for defendant, plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*A. M. & G. Card*, (*W. Farrington*, of counsel,) for appellant.   *De Forest & Weeks*, (*Geo. Holmes*, of counsel,) for respondent.

PRATT, J.   In *Martin* v. *Cook*, 14 N. Y. Supp. 329, (Sup. Ct. 1st Dept.) April, 1891, it is held that, if a servant is injured through an alleged defect

or insufficiency in the implements or machinery furnished by the master, knowledge of such defect or insufficiency must be brought home to the master, or proof given that he was ignorant of the same through his own want of proper care, in order to render him liable. In the same case it is held that where a foreman directed an employe to perform an act which was not manifestly improper in itself, which the foreman had no reason to suspect, as far as the testimony shows, would result in an accident, and from which the employe himself evidently did not anticipate danger, a *prima facie* case of negligence was not made out against the master, merely by the happening of the accident. We think these principles are decisive of the present case, and justify the dismissal of the complaint. Moreover, if there was any negligence, it was that of a fellow-servant, acting as a workman, and not as a substitute for the master. Judgment affirmed, with costs.