BUTTERWORTH *v.* CLARKSON and Another.

(New York Superior Court — General Term, April, 1893.)

In an action for personal injuries it appeared that plaintiff while in the employ of defendants as a painter, was directed by defendants' foreman to pass over a plank which the latter had placed in position for the purpose of removing a scaffold. The plank was defective and unable to sustain plaintiff's weight, causing the injuries sued for. *Held,* that the danger which plaintiff encountered was not an ascertainable one that could have been avoided by the exercise of reasonable care by defendants, but was incident to the employment, and plaintiff's complaint was properly dismissed.

APPEAL from decision of trial court, dismissing complaint; plaintiff's exceptions ordered to be heard in the first instance at the General Term.

*Matthew P. Ryan* (*William H. Arnoux,* of counsel), for plaintiff (appellant).

*Fettretch, Silkman & Scybel* (*Joseph Fettretch,* of counsel), for defendants (respondents).

GILDERSLEEVE, J. This action is for personal injuries that the plaintiff received from the breaking of a plank, while he was in the employ of the defendants as a painter. The defendants' foreman placed the plank in position, and directed the plaintiff to pass over it for the purpose of removing a scaffold from an adjoining yard to a truck. The plank was defective and unable to sustain the plaintiff's weight.

The learned trial judge dismissed the complaint in these words: "It clearly appears that the accident occurred in consequence of the improper use made of a plank, which is not shown to be the defendants' plank, by a fellow-servant of the plaintiff."

Drawing all inferences from the evidence presented, that might be justly adopted, in favor of the plaintiff, as the law requires upon a motion to dismiss, and assuming there is some evidence tending to show the plank belonged to defendants, there is absolutely no evidence to support a finding that the plank was furnished by the defendants for the use to which it

was put by the foreman. The plank was applied by the foreman to a use that was a detail of the business within his discretion and judgment in the management of the work. For an injury resulting from such an act, the defendants are not liable. It was an incident to the employment which the plaintiff assumed. *Loughlin* v. *State*, 105 N. Y. 159 ; *Cullen* v. *Norton*, 126 id. 1. The liability of the master depends upon the character of the act, in the performance of which the injury arises. *Crispin* v. *Babbitt*, 81 N. Y. 516. To hold the master liable, the act must be one pertaining to the duty which the master owes to his servant. Dangers that are unavoidable, after the exercise by the master of proper care and precaution in guarding against them, are risks incident to the employment, and are assumed by those who consent to accept employment under such circumstances. *McGovern* v. *Central Vermont R. Co.*, 123 N. Y. 287. There was nothing in the place or the character of the work to call upon the defendants to apprehend danger of the kind that arose. It was a detail of the work that defendants could not foresee, and the accident was one which they could not guard against. Neglect can only be affirmed of what can reasonably be foreseen. The defendants had committed the manner of proceeding with the work, as they lawfully might, to a competent foreman, and no amount of care and precaution on their part could prevent the foreman from picking up an unsuitable board, not provided for the purpose, and constructing with it a path in a new and hitherto unused course, and directing a fellow-workman to walk upon it. The danger which the plaintiff encountered was not an ascertainable one that could have been avoided by the exercise of reasonable care by the defendants.

For the reasons above stated, we are of the opinion that the complaint was properly dismissed. The exceptions are not well taken, and judgment must be entered for the defendants, with costs.

SEDGWICK, Ch. J., and DUGRO, J., concur.
Judgment accordingly.