(5 Misc. Rep. 320.)

GRIFFITHS v. NEW JERSEY & N. Y. R. CO.

(Superior Court of New York City, Trial Term. October, 1893.)

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES.
     A joist which workmen are placing in a building does not come within either of the terms "machinery," "tools," or "appliances," and the owner of the building for whom the men are working is not liable for injuries to one of them caused by the breaking of the joist in consequence of an obvious defect therein, where the person injured assisted in selecting the joist from a large number provided by the owner.

2. SAME—FELLOW SERVANTS.
     A servant who works with other servants, all of whom are employed by the master, and receives the same pay as the others, is their fellow servant, though he is called the foreman and directs the work.

Action by Miles R. Griffiths against the New Jersey & New York Railroad Company for personal injuries caused by the falling of a joist in a building to assist in constructing which plaintiff was employed by defendant. The complaint was dismissed on the trial, and plaintiff moves for a new trial on the minutes of the judge. Denied.

Ewing, Whitman & Ewing, for the motion.
De Forest Bros. and George Holmes, opposed.

McADAM, J. The defendant undertook to erect a station at a point on Central avenue, Hackensack, N. J. The structure, excepting the foundation, was to be of wood. It employed a competent architect, and had plans and specifications drawn, in which the stay or tie beams, forming the support for the roof, were set four feet apart. The plans and specifications were the conception of the architect, who testified that they were perfectly safe for the purpose. The defendant employed competent workmen to do the work, and the plaintiff, who is an experienced carpenter, was one of those engaged. No fault was found with the plans or specifications, except that placing the stay beams two feet apart, instead of four, would have made the roof firmer and safer. No objection was made to the material until after the accident, when it appeared that one piece of joist, used as a tie beam, had a knot in it, which passed by without discovery by the workmen. Among the men who worked upon the job was

Andrew Horn, a skilled mechanic, who received the same pay as the other employes, but was called the foreman. The plaintiff, by the direction of Horn, got upon the framing of the roof, and one of the tie beams gave way, and he fell, receiving the injuries for which he claims compensation. The cause of the breakage was the knot before referred to. There was plenty of material on the ground, and the plaintiff assisted in hoisting up the very tie beam that broke. Upon proof of these facts, the complaint was dismissed, upon the ground that there was no evidence fastening negligence upon the defendant, and that the accident was the result of carelessness on the part of the plaintiff and his fellow workmen. The present application is for a new trial on the ground of error, and the plaintiff has cited a number of cases applying the familiar rules: (1) That the master must furnish suitable machinery, tools, and appliances, and he must provide a safe place for the servant to work; (2) that the master cannot relieve himself from this obligation by delegation, and that the negligence of the master, co-operating with that of a servant in producing injury to a coservant, renders the master liable; (3) that where the law imposes upon the master the duty aforesaid, and he fails to perform it, the master is liable for the act of the foreman as if personally present, as well as for the negligence of other servants employed to furnish such machinery, tools, and appliances.

The answer is that the principles invoked do not apply to the case tried. The joist containing the knot which caused the injury was neither machinery, tools, nor appliances, within the cases cited, and the rule which controls must be found in another class of cases, to which reference will presently be made. The defect was obvious on mere inspection, and the duty of inspection fell upon those employed to erect the station, and not on the officers of the defendant, who were absent. The plaintiff and his fellow workmen selected the very joist which contained the defect, while there were plenty of others which might have been taken. The place where the work was done was not inherently dangerous. It had been made by the plaintiff and his fellow workmen, and they knew every act in the progress of the work, and, as no duty of superintending the erection fell on the defendant, the case falls within the rule that a foreman working as a colaborer is a fellow servant, and a coemploye injured by his negligence cannot recover. Cullen v. Norton, 126 N. Y. 1, 26 N. E. Rep. 905; Neubauer v. Railroad Co., 101 N. Y. 607, 4 N. E. Rep. 125; Crispin v. Babbitt, 81 N. Y. 516. In other words, if the coservant, whose negligence caused the injury, was at the time representing the master in doing the master's duty, the latter is liable. If, on the other hand, the coservant was simply performing the work of a servant in his character as such, the master is not liable; and the fact that the servant whose negligence caused the injury was a servant of a higher grade than the one injured, or that the latter was subject to the direction or control of the former, does not take the

case out of the general rule.    Loughlin v. State, 105 N. Y. 159, 11 N. E. Rep. 371; Hussey v. Coger, 112 N. Y. 614, 20 N. E. Rep. 556. In this case Horn was simply performing the work of a coservant, for whose negligence the plaintiff, not the defendant, is answerable.    Id.    A recent case resembling this is Butterworth v. Clarkson, (Super. N. Y.) 22 N. Y. Supp. 714, in which it was held that "a master is not liable for injuries received by his servant, employed as a painter, by the breaking of a defective plank over which he was passing so as to remove a scaffold, where the accident was caused solely by the foreman in picking up an unsuitable plank, not provided for the purpose, constructing with it a path, and directing the servant to walk on it."    The case last cited goes further than is necessary to go here.    Horn, the foreman, did not direct the plaintiff to get on the defective joist.    True, he set him to work on the frame of the roofing, but Horn and the other workmen had passed and repassed it in safety before the accident.    In such a case, where the act is one pertaining only to the duty of an operative, the employe performing it, whatever his rank or title, is a mere servant, and the master is not liable to a fellow servant for its improper performance.    Crispin v. Babbitt, and other cases above cited.    The defendant contracted with a competent architect for the plans and specifications, and with responsible merchants for the lumber conformably thereto, and the defendant was at liberty to accept the lumber without inspection.    Butler v. Townsend, 126 N. Y. 105, 26 N. E. Rep. 1017. No personal fault on the part of the master was established, and no liability proved.    Cahill v. Hilton, 106 N. Y. 513, 13 N. E. Rep. 339.

It is difficult to imagine any duty the defendant owed to the workmen which it failed to perform, or any ground for holding that Horn was representing the defendant respecting any duty owing by it so as to make the authorities relied on by the defendant applicable.    The language of Peckham, J., in Cullen v. Norton, 126 N. Y. 10, 26 N. E. Rep. 905, seems much in point.    Referring to that case, he said:

"The master furnished the mine as a place for labor, and it was solely on account of the manner in which the foreman, a fellow servant, performed the work, or directed it, that the accident happened, and happened in the course of the performance of the very kind and character of work which the plaintiff's intestate took the risk of by accepting employment."

This case is stronger for the defendant than that, from the circumstance that the plaintiff assisted in making the place where the work was done, hoisted the very joist which did the damage, and the plaintiff must be held to have assumed the risk of damages incident to his employment, particularly those which the master did not know, and was not bound to know, anticipate, or guard against.    Martin v. Cook, (Sup.) 14 N. Y. Supp. 329; Klupp v. Ice Lines, (Sup.) 15 N. Y. Supp. 597, affirmed 133 N. Y. 666, 31 N. E. Rep. 624.    The measure of the master's duty to his servant is reasonable care, having relation to the parties, the business

in which they are engaged, and the exigencies which require vigilance and attention. He is not a guarantor of the safety of his servant. Slater v. Jewett, 85 N. Y. 61. An employer does not undertake absolutely with his employes for sufficiency or safety of the facilities furnished for their work, but only for the exercise of reasonable care in that respect. Fuller v. Jewett, 80 N. Y. 46; Kerrigan v. Hart, 40 Hun, 389.

There is no substantial ground on which the jury would have been authorized to find negligence on the part of the defendant, or freedom from fault on the part of the plaintiff or his fellow workmen; and in such a case it is the duty of the court to nonsuit. Dwight v. Insurance Co., 103 N. Y. at page 359, 8 N. E. Rep. 654; Bulger v. Rosa, 119 N. Y. 459, 24 N. E. Rep. 853. If, in the prosecution of a lawful act, a casualty purely accidental arises, no action can be supported for an injury arising therefrom. Negligence is the essence and foundation of liability. A master is certainly under no obligation to exercise greater care over a servant in a case like this than the servant exercises over himself. The duty of each should be fixed by the same measure or standard. See Anthony v. Leeret, 105 N. Y. at page 600, 12 N. E. Rep. 561; Webber v. Piper, 109 N. Y. at page 499, 17 N. E. Rep. 216; Hudson v. Steamship Co., 110 N. Y. 625, 17 N. E. Rep. 342; Cowhill v. Roberts, 71 Hun, 127, 24 N. Y. Supp. 533. See, also, Harvey v. Mining Co., (Idaho,) 31 Pac. Rep. 819. The defendant exercised the care which an ordinarily prudent person would under like circumstances, and, having done that, it discharged its full duty in the premises. For these reasons the nonsuit was right, and the motion for a new trial must be denied.