## MARION MACHINE FOUNDRY & SUPPLY CO. et al. v. REDD et al.

No. 16051—Opinion Filed Nov. 10, 1925.

**Master and Servant—Workmen's Compensation—Injury from Fall of Epileptic not Compensable.**

Where the injury suffered was the result of a fall caused by an attack of epilepsy, such injury is not one arising out of the employment and not compensable under the Workmen's Compensation Law.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

An original proceeding to review an award by the Industrial Commission of workmen's compensation to L. R. Redd. Reversed.

Hulette F. Aby, William F. Tucker, and Corland D. Tucker, for petitioners.

W. N. Maben, for claimant.

Opinion by RAY, C. The Industrial Commission awarded compensation on the following findings:

"That the claimant herein sustained an accidental injury arising out of and in the course of his employment with the respondent on the 15th day of March, 1924, in the following manner, to wit: Claimant was seized with an attack of epilepsy and fell with his left hand and a portion of his left arm extending into a fire placed and provided in the room where claimant's work was performed for the comfort and convenience of respondent's employes."

Compensable injuries are restricted by subdivision 7, section 7284:

"'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

That the accident in the instant case was one arising in course of the employment there can be no doubt. The question to be answered is, Was it one arising out of the employment? In the McNichols Case, 215 Mass. 497, it was held that:

"It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. * * * But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

That case has been followed by the Kansas court in Cox v. Kansas City Refining Co., 195 Pac. 863, and by this court in Southern Surety Co. v. Galloway, 89 Okla. 45, 213 Pac. 850.

Can it be said that the injury in the present case had its origin in a risk connected with the employment, and flowed from that source as a rational consequence? Was there any causal connection between the conditions under which the work was required to be performed and the resulting injury? The claimant was at work with a pick, digging out a concrete foundation of some character. Something like ten feet from where he was engaged in work was a gas flame burning for the comfort of the claimant and other workmen. Being seized with an epileptic fit, to which he was subject, he fell in such way that his hand was burned by the flame before he could be removed by other workmen. The particular work claimant was engaged in was not hazardous. But for the epileptic seizure there would have been no injury. We think the injury was not one arising out of the employment. This view is sustained by the following authorities: Cox v. Kansas City Refining Co., supra; Collins v. Brooklyn Union Gas Co., 15 N. Y. Supp. 597.

The only case called to our attention sustaining the contention of the claimant is an English case of Wicks v. Dowell & Co., 2 K. B. 225. In that case the claimant was em-

ployed in unloading coal by means of a hydraulic crane from a ship lying at the wharf. His duty was to stand on a wooden stage close to the edge of a hatchway, the stage being so constructed as to enable him to look down in the hold, and while standing on the stage, he had to regulate the descent of the bucket into, and its ascent out of, the hold, by means of a pole, and also to give the necessary signals to the man who was working the crane. While so engaged he was seized with an epileptic fit and fell through the hatchway into the hold and sustained serious injuries. The injury was held to be compensable upon the ground that the workman was required to stand in a dangerous position to perform the services.

In the instant case there was no peculiar hazard connected with the place of the fall or with the services being rendered. Honnold, in his work on Workmen's Compensation, page 302, says:

"But injuries sustained from a fall due to a faint or an epileptic seizure do not entitle a workman to compensation unless there is some peculiar hazard connected with the place of the fall."

We think the injury was not one arising out of the employment.

It is insisted by the claimant that the fall was caused by claimant stumbling over a rock and falling in the fire, and not from the epileptic seizure. While that was the testimony of the claimant, the evidence sustained the finding of the Commission that the fall was caused by the attack of epilepsy.

The Industrial Commission is directed to vacate the award and dismiss the proceeding.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 76, §66 (Anno.); anno. L. R. A. 1918F, 903; 19 A. L. R. 95 et seq.; 28 R. C. L. p. 817 et seq.; 4 R. C. L. Supp. 1865; 5 R. C. L. Supp. p. 1576.