Rufus C. MOTEN, Petitioner,

v.

CHANDLER WELL SERVICE, Mid-Continent Casualty Company and the State Industrial Court, Respondents.

No. 39443.

Supreme Court of Oklahoma.

May 23, 1961.

Rehearing Denied June 27, 1961.

Rogers, Litchfield & Rogers, Remington Rogers, E. P. Litchfield, Jr., Tulsa, for petitioner.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, J. A. Tillotson, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Rufus C. Moten, hereinafter called claimant, filed his first notice of injury and claim for compensation on March 10, 1959, stating that on December 20, 1958, while employed by Chandler Well Service he sustained an accidental injury arising out of and in the course of his employment when he fell from a platform.

The State Industrial Court denied an award and this proceeding is brought by claimant against the employer and its insurance carrier to review the order denying award.

The evidence discloses that claimant was employed as well superintendent and on the date involved while working on an oil rig was standing on a platform about two feet square and seven feet high when he fell to the ground striking his head. He was examined by Dr. R. and hospitalized for approximately four weeks. He was thereafter treated and hospitalized by two other doctors selected by himself. Claimant stated that he was suffering from a cold or influenza on the morning of the injury; Dr. R., to whom he was taken, diagnosed his condition as pneumonia. It appears from the record that claimant had been slightly ill since about December 15, 1958, but had continued working, and had been receiving treatment from Dr. R.

The trial judge, after reciting appearances, made the following findings of fact and order:

"That claimant did not sustain an accidental personal injury, arising out

of and in the course of his employment on December 20, 1958. That claimant became light-headed and fell on his face and arms. That claimant was taken to the hospital and treated for thirty days for pneumonia; and the hospital bill and Dr. Robertson's bill were paid by Blue Cross; therefore, his claim for compensation is hereby denied.

"It is therefore ordered that claimant's claim for compensation be and the same is hereby denied."

In the briefs on appeal, claimant treats the above as findings either that there was no injury, or that if there were an injury, it did not arise out of and in the course of the employment. Respondents treat the above as findings that there was no injury, but that the hospital treatment was for pneumonia and not for any results of the fall.

Both parties refer to Marion Machine Foundry & Supply Co. et al. v. Redd et al., 115 Okl. 30, 241 P. 175, in which an award was vacated in a case where claimant had fallen after an epileptic seizure. The court said:

"Where the injury suffered was the result of a fall caused by an attack of epilepsy, such injury is not one arising out of the employment, and not compensable under the Workmen's Compensation Law."

The syllabus as quoted seems to be an unqualified rule against allowing compensation for idiopathic falls—that is, falls resulting from causes arising out of the mental or physical condition of the employee and not connected with the employment. However, the body of the opinion discloses that the court considered the possibility of an exception to the rule in its discussion of the English case of Wicks v. Dowell & Co., 2 K.B. 225. After considering that case, where compensation was allowed for an idiopathic fall because the employment had increased the hazard of injury, the court said "In the instant case there was no peculiar hazard connected with the place of the fall or with the services being rendered."

In the later case of McKeever Drilling Co. et al. v. Egbert et al., 170 Okl. 259, 40 P.2d 32, 34, this court affirmed an award for injuries from an idiopathic fall where the "hazard of receiving an injury" was increased by something peculiarly incident to the employment, thus following the exception to the rule. After discussing the Marion Machine Foundry case and the case of Wicks v. Dowell & Co., supra, the court said in the body of the opinion: "Persons seized with epilepsy, vertigo, sunstroke, or other sudden and overpowering attacks usually fall where they are, and it is the presence of machinery, *or height,* or some other condition peculiar to the employment which increases the hazard or injury, but for the presence of which condition peculiar to the employment the person so seized would suffer no greater hazard of accidental injury than one not so situated." (Emphasis supplied.)

To the same general effect, see 99 C.J.S. Workmen's Compensation § 257(1) (third and fourth paragraphs).

On the basis of the reasoning in the McKeever case, supra, it is apparent that the claimant in the instant case is entitled to compensation if he suffered injury from the fall, since it was from a height.

However, the findings and order of the trial judge are not clear on that point. We are unable to determine from the order whether it was the intention to find that claimant did not sustain any disability from the fall or whether it was the intention to find that he sustained a disability from the fall but that the disability was not compensable because the fall was an "idiopathic fall".

In view of the fact that there is conflicting testimony as to whether the claimant sustained injuries from the fall and we are unable to determine whether the order was based on law or fact the order is not subject to judicial interpretation. See Corzine v. Traders Compress et al., 196

Okl. 259, 164 P.2d 625, wherein this court said:

"Where the findings of fact and conclusions of law of the State Industrial Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

The order of the State Industrial Court is vacated and the cause remanded to that court for further proceedings consistent with the views herein expressed.