**HALLIBURTON SERVICES, a Division of Halliburton Company, Own Risk, Petitioner,**

**v.**

**Arthur J. ALEXANDER and the State Industrial Court, Respondents.**

**No. 48072.**

Supreme Court of Oklahoma.

Feb. 10, 1976.

Rehearing Denied April 6, 1976.

Ray Teague, Don L. Cooper, Cheek, Cheek & Cheek, Oklahoma City, for petitioner.

Paul Pugh, Al Pugh, Oklahoma City, for respondents.

LAVENDER, Justice:

The issue for review involves correctness of award of compensation for accidential injury sustained from a fall in course of covered employment. More narrowly defined the question is whether injury from idiopathic fall induced by an employee's physical condition arose out of course of employment.

Respondent, hereafter claimant, was employed as a security guard by Halliburton Services, herein referred to as respondent. Back injury during army service was basis for compensation (20%) service connected disability. Claimant also suffered from, and had been treated for, degenerative arthritis and osteoarthritis of the cervical and lumbar spine. This condition had required absence from work on some occasions.

While making security rounds the night of March 13, 1973, claimant was walking down an interior corridor in a usual and customary manner. When turning, preparatory to descending a stairway, claimant was stricken by excruciating back pain which traveled down into the left leg, causing this leg to give way. Claimant fell partially down the stairway injuring his knee and causing further injury to the low back. There had been no slipping, undue physical effort or activity. The fall resulted solely from the sudden onset of back pain which caused the left leg to give way and precipitated the fall which caused injury.

An order was entered awarding compensation for permanent partial disability, 10% to the back and 5% to the right knee, for accidental injury arising out of and in course of covered employment. This order was affirmed by State Industrial Court on en banc appeal. Petitioner, the respondent below, seeks review and vacation of this order upon the ground there is no competent evidence to support the finding injury arose out of and in course of employment.

Petitioner admits claimant's injury arose in course of the employment. However, it is argued injuries which arise out of risks personal to the employee (idiopathic injuries) are not accidental injuries arising out of employment unless the employment contributed to the risk, or aggravated pre-existing weakness. Cited to support this argument are *Oklahoma Leader Co. v. Wells,* 147 Okl. 294, 296 P. 751 (1931); *National Biscuit Co. v. Lout,* 179 Okl. 259, 65 P.2d 497 (1936); *Phillips Pet. Co. v. Eaves,* 200 Okl. 21, 190 P.2d 462 (1948) and similar decisions.

These decisions have been analyzed and distinguished in later decisions, which point out that rule was based upon, and limited to, fact situations which disclosed no evidence of sudden strain, pain, injury, *or other accident causing injury.* See *Choctaw County v. Bateman,* 208 Okl. 16, 252 P.2d 465 (1952); *Phillips Pipe Line Company v. Brown,* Okl., 301 P.2d 689 (1956); *Bill Morris Tank Co. v. Martin,* Okl., 349 P.2d 15 (1960). In *Bateman, supra,* we quoted with approval the definition of accident appearing in *Andrews Mining & Milling Co. v. Atkinson,* 192 Okl. 322, 135 P.2d 960, 961 (1943):

"An 'accident' is an event happening without any human agency, or if happening through human agency, an event which, under the circumstances, is unusual and not expected to the person to whom it happens. In the term 'accidental injuries', the substantive 'injuries' expresses the notion of a thing or event, that is, the wrong or damage done to the person, while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening, or coming by chance or without design, taking place unexpectedly or unintentionally."

Petitioner places reliance on *Marion Machine Foundry & Supply Co. v. Redd,* 115 Okl. 30, 241 P. 175 (1925). In that case claimant fell during epileptic seizure in such a way his hand was burned by a

flame some ten feet from where working. The court stated the work being performed was not hazardous and no injury would have resulted but for the epileptic seizure, thus injury did not arise out of employment. This conclusion was based upon text statement that injuries sustained from fall due to faint or epileptic seizure are not compensable unless there is a peculiar hazard connected with the place of fall. The opinion does not explain the basis upon which it was determined the work involved was not hazardous.

In *McKeever Drilling Co. v. Egbert,* 170 Okl. 259, 40 P.2d 32 (1935), a claimant overcome by sunstroke fell, struck his head on a machine, and sustained injury. It was argued the heat stroke was the first step in causation and the ensuing fall resulted from an incident disassociated with employment. That decision noted the *Redd* case, *supra,* had recognized a qualification to the rule, concerning non-compensability of injury resulting from idiopathic fall, where injury occurs which would not have been received but for a situation peculiar to the employment. The opinion quotes from *Wicks v. Dowell,* 2 K.B. 225 (1905):

"* * * such a circumstance as is presented where the employee, for some reason not arising out of the employment, falls, but in connection with the fall receives an injury which he would not have received but for a situation peculiar to the employment.

\* \* \* \* \* \*

"Then did the accident arise out of the man's employment? When we get rid of the confusion caused by the fact that the fall was originally caused by the fit and confusion involved in not dissociating the injury and its actual physical cause from the more remote cause—that is to say, from the fit—the difficulty arising from the words 'out of the employment' is removed. How does it come about in the present case that the accident arose out of the employment? Because by the conditions of his employment the workman was bound to stand on the edge of what I may style a precipice, and if in that position he was seized with a fit he would almost necessarily fall over. If that is so, the accident was caused by his necessary proximity to the precipice, for the fall was brought about by the necessity for his standing in that position. Upon the authorities, I think the case is clear; and accident does not cease to be such because its remote cause was the idiopathic condition of the injured man; we must dissociate that idiopathic condition from the other facts and remember that he was obliged to run the risk by the very nature of his employment, and that the dangerous fall was brought about by the conditions of that employment."

In *Moten v. Chandler Well Service,* Okl., 363 P.2d 153 (1961), the superintendent on a drilling rig was suffering from pneumonia, became light headed while working and fell approximately seven feet from a platform sustaining injury. An order denying compensation because injury did not arise out of employment was vacated by this court and the cause remanded for further proceedings. The decision noted the *Redd* case, *supra,* had recognized the quoted exception in the *Wicks* case, *supra,* allowing compensation for injury resulting from idiopathic fall in certain instances. Our decision in *Moten* adopted reasoning of the *McKeever* case and declared injury resulting from idiopathic fall compensable where hazard was increased by a factor peculiar to employment.

Compensation benefits are not limited to perfectly healthy workmen. *Firemen's Fund Insurance Co. v. Standridge,* Okl., 467 P.2d 461 (1970). This is true although evidence may indicate a claimant may be disabled by disease in the future even though accidental injury had not occurred. This rule has been applied since *Christian v. Hanna,* 144 Okl. 89, 289 P. 708 (1930). Claimant's arthritic condition created a weakness of the back. Due to prior injury and disease his back gave way causing the fall which resulted

in injury. The fall did not have to result from a traumatic incident, since it was sufficient if this occurrence was brought about by a hazard of the employment and would not have ensued except for the employment.

 Injury occurred within course of employment at a place claimant was expected to be while performing duties he was required to fulfill. Injury resulting from the fall was contributed to by the necessity to ascend and descend stairways, which was a factor peculiar to the employment. Where accidental injury results from a risk factor peculiar to the task performed it arises out of the employment, although the fall had its origin in idiopathy of the employee.

Award sustained.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., and BARNES, J., dissent.