Brenda G. ELRED, Petitioner,

v.

SULPHUR MANOR, INC., Own Risk and the Worker's Compensation Court, Respondents.

No. 88115.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 23, 1997.

Certiorari Denied Sept. 24, 1997.

Greg Barnard, Norman, for Petitioner.

Robert Highsaw, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge.

¶ 1 On August 27, 1996, Claimant, Brenda G. Elred, was found to have suffered a grand mal seizure during which she injured her right shoulder. The seizure was found to have been idiopathic and unrelated to her employment. The trial court found that Claimant did not sustain an accidental personal injury arising out of and in the course of her employment. Consequently, the trial court denied Claimant's claim for compensation. This review proceeding was brought directly from that ruling.

¶ 2 Whether an injury arose out of and in the course of employment is a fact determination made by the Workers' Compensation Court, under circumstances of each particular case. Where there is competent evidence, although conflicting but reasonably tending to support the determination of the trial court, that decision is binding on the Supreme Court and will not be disturbed on appeal. Even though the accident had its origin in an idiopathy of the employee, the injury can be found to arise out of employment where an accidental injury results from a risk factor peculiar to the task performed. *Bittman v. Boardman,* 560 P.2d 967 (Okla. 1977); *Halliburton Services, Own Risk, v. Arthur J. Alexander,* 547 P.2d 958 (Okla. 1976). *Bittman* makes it abundantly clear that an issue of the existence of an employee's idiopathy does not change the fact that the standard of review is the familiar quest for competent evidence in the record to support the determination of the lower court and if found, we are required to defer to the findings of the trial court under those circumstances. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

¶ 3 The Claimant raises two points of error. First, an idiopathic fall can be found compensable when a condition of the workplace creates an increased risk. The second proposition of error is that an injury resulting from a seizure disorder can be found compensable when increased stress related to employment triggers the disorder. These propositions may well be true, but the inquiry in this case is a search for any competent evidence that supports the finding of the trial court.

¶ 4 The record shows Claimant admitted she had this type of seizures every two years since she was fourteen years old, and her last seizure was two years prior to this. She had a petit mal seizure while she was dressing prior to going to work. Furthermore, the record contains an emergency room narrative record which states, among other things, that upon arrival no seizure activity was noted. However, approximately ten minutes after arrival at the emergency room, Claimant had a tonic/clonic seizure in the emergency room where she dislocated her shoulder. This evidence is competent evidence that, if believed, establishes that the fall was idiopathic and not related to the workplace at all.

¶ 5 Claimant also argues the injury was work-related because the laundry table she folded clothes on at work was an increased risk causally connected to employment. It is argued this risk exceeded the ordinary hazards to which the general public is exposed, and therefore the requirements of *American Management Systems, Inc. v. Burns,* 903 P.2d 288 (Okla.1995) are met. However, there is evidence in the record that supports the finding that the injury occurred at the hospital. Therefore, Claimant's argument is not sufficient to show the trial court's decision was not supported by any competent evidence or erroneous as a matter of law, as required by *Parks, supra.*

¶ 6 Claimant also argues that the whole chain of events culminating in the seizure at the hospital was precipitated by Employer's demand that she work an early shift the day of the injury which required her to return to work after only five or six hours of

sleep. This is the factual basis for asserting the injury resulted from increased stress related to employment. The argument in Claimant's brief is that a seizure disorder injury *may* be found compensable. That question is totally irrelevant to this inquiry. This argument is not responsive to the standard of review set forth in *Parks,* supra. A review proceeding does not decide whether the trial court *could have* found the injury compensable, but whether there is any competent evidence that supports the finding that was made, here that the injury did not arise out of and in the course of employment. Whether an injury arises out of and in the course of employment presents an issue of fact, and the trial court's finding thereon is binding on the appellate courts if supported by competent evidence. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 203 (Okla. 1982); *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okla.1978). Accordingly, the decision of the trial court must be sustained.

SUSTAINED.

ADAMS, C.J., and GARRETT, J., concur.