1999 OK 39

**Robert M. MOORE, Petitioner,**

v.

**CITY OF NORMAN, Own Risk, and The Workers' Compensation Court, Respondents.**

**No. 91,173.**

Supreme Court of Oklahoma.

May 11, 1999.

Rehearing Denied June 22, 1999.

Nicole Bell, Norman, Oklahoma, For Petitioner.

Jeff F. Raley, City Attorney, Jeff H. Bryant, Assistant City Attorney, City of Norman, Norman, Oklahoma, For Respondents.

HODGES, J.

¶1 A workers' compensation claimant seeks certiorari review of an opinion of the Court of Civil Appeals. That opinion sustained a finding by the Workers' Compensation Court that his accidental injury did not arise out of and in the course of his employment.

¶2 Robert M. Moore (Claimant) is a police officer for the City of Norman (City). His right calf and right ankle were injured when he accidentally shot himself. The injury occurred at Claimant's home between 10:20 pm and 10:30 pm as he holstered his handgun. Claimant was in the process of putting on his uniform to report to a 10:45 pm lineup at the police station. The wound required hospitalization.

¶3 Claimant participated in the Individually Assigned Vehicle Program. The program authorizes police officers to take a marked vehicle home. This is done in order for the public to identify the police presence in neighborhoods and to enhance officers' response time in an emergency. One requirement of the program is that officers have a department approved handgun with them when the vehicle is in use. Claimant testified at trial that he had been instructed not to leave valuables, including weapons, in an unoccupied police vehicle. City presented no testimony from any of Claimant's superiors to dispute his testimony.

¶4 A trial judge's determination of whether an injury arose out of and in the course of employment is reviewed under the "any competent evidence" standard. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 549 (Okla.1984). Those findings may be disturbed on appeal only if unsupported by competent proof. *Id.* at 552. The facts of this case demonstrate nothing to support the lower courts' denial of benefits.

¶5 The Workers' Compensation Court found that Claimant's injury did not arise out of and was not sustained in the course of his employment. It specifically held that Claimant was not performing the duties of his employment at the time of his accidental injury. The Court of Civil Appeals sustained the decision holding that the circumstances of Claimant's injury did not fall into an exception to the general rule that injuries incurred going to and from work do not ordinarily arise out of and in the course of employment. This Court granted certiorari review.

¶6 Oklahoma law requires an employer to pay compensation only for "accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault...." Okla. Stat. tit. 85, § 11 (Supp.1997). The term "arise out of employment" contemplates the causal connection between the injury and the risks incident to employment. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 202 (Okla.1982). The term "in the course of employment" relates to the time, place, or circumstances under which the injury is sustained. *Id.* The two requirements are distinct and are not synonymous. *American Management Systems, Inc. v. Burns,* 903 P.2d 288, 291 (Okla.1995).

¶7 Claimant's injury arose out of his employment. A firearm is a necessary tool of a peace officer's trade. *Town of Davenport v. Richardson,* 447 P.2d 755, 757 (Okla.1968). "The carrying and handling of firearms [is] related and incidental to [a peace officer's] employment". *Id.* at 758. It is an employment related risk. As such, Claimant's accidental self-inflicted gunshot wound was reasonably connected to his employment as a peace officer.

¶8 Claimant's injury also arose in the course of his employment. At the time of his injury, Claimant was complying with his employer's instructions. He was required to report to work in full uniform, including his handgun. As a part of the Individually Assigned Vehicle Program he traveled to and from work in his patrol car. He was required to carry his handgun while doing so. This required him to take the gun home. Claimant's weapon was used for his employment with the City and there was no evidence that he holstered it for any purpose

other than the requirements of employment. Insofar as Claimant was holstering his gun, the activity was within the course of his employment.

¶ 9 Claimant sustained an accidental injury arising out of and in the course of his employment. The opinion of the Court of Civil Appeals is vacated and the cause is remanded to the Workers' Compensation Court for proceedings consistent with this opinion.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; CAUSE REMANDED TO WORKERS' COMPENSATION COURT.

¶ 10 SUMMERS, C.J., HARGRAVE, V.C.J., OPALA, ALMA WILSON, KAUGER, WATT, JJ., concur.

¶ 11 LAVENDER, and SIMMS, JJ., dissent.