2001 OK CIV APP 138

**Jack DUGAN, Petitioner,**

v.

**SABRE INTERNATIONAL, Continental Casualty Insurance and The Workers' Compensation Court, Respondents.**

**No. 95,504.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 16, 2001.

---

Jeffrey L. Parker, Javier Ramirez, Parker, Staggs & Associates, P.C., Tulsa, OK, for Petitioner.

James B. Cassody, Michael Gilliard, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondents.

TAYLOR, Judge:

¶ 1 Claimant, Jack Dugan, appeals an order of a workers' compensation court three-judge panel affirming the trial court's finding that Claimant's injury, which resulted from falling during a seizure, did not arise out of his employment. The issue on appeal is whether the panel's order is supported by competent evidence. We find that it is and sustain it.

¶ 2 Claimant was employed as a welder for Employer, Sabre International. While carrying a 50– to 70–pound steel plate, Claimant had a seizure and fell to the floor, landing on the left side of his body. He filed a claim for compensation against Employer. The trial court determined that, although Claimant's injury occurred in the course of employment, it did not arise out of employment. Claimant appealed the trial court's order to a three-judge review panel of the workers' compensation court, which affirmed the trial court's order. Claimant appeals the panel's order.

¶ 3 The issue of whether an injury arose out of employment presents a question of fact for determination by the workers' compensation court. *See Barnhill v. Smithway Motor Express*, 1999 OK 82, ¶¶ 2–3, 991 P.2d 527, 529. We will disturb the workers' compensation court's order in this regard only if it is unsupported by competent evidence. *Moore v. City of Norman*, 1999 OK 39, ¶ 4, 983 P.2d 436, 437. "Only where there is no conflict in the evidence, and no opposite inferences may be drawn from undisputed proof, is it proper to treat such matters as questions of law." *Barnhill*, 1999 OK 82, ¶ 3, 991 P.2d at 529. Further, a claimant carries the burden of proof to show that his injury arose out of and in the course of employment. *Id.* at ¶ 2, 991 P.2d at 529. "Upon claimant falls the responsibility to adduce sufficient factual proof on these issues to establish compensability, and it is he/she that carries the burden of both producing evidence and persuading the trier on these critical matters." *Id.*

¶ 4 In *Marion Machine Foundry & Supply Co. v. Redd*, 1925 OK 912, 115 Okla. 30, 241 P. 175, relied upon by Employer, the

claimant had a seizure and fell, with his left hand and a portion of his left arm extending into a fire in the room where the claimant worked. The Oklahoma Supreme Court held the claimant's resulting injury noncompensable, stating, in general terms, that "'injuries sustained from a fall due to a faint or an epileptic seizure do not entitle a workman to compensation unless there is some peculiar hazard connected with the place of the fall.'" *Id.* at 176 (quoting Honnold, *Workmen's Compensation,* p. 302).

¶5 In *McKeever Drilling Co. v. Egbert,* 1934 OK 763, 170 Okla. 259, 40 P.2d 32, however, the supreme court held the general rule enunciated in *Marion Machine* is not without exception. The claimant in *McKeever Drilling* became overheated and fell, striking his head against an engine in his work space. The supreme court noted the general rule from *Marion,* but stated that it is qualified "where the employee, for some reason not arising out of the employment, falls, but in connection with the fall receives an injury which he would not have received but for a situation peculiar to the employment." *Id.* at ¶6, 40 P.2d at 33. Applying this exception to the claimant's injury, the court determined that the hazard of receiving an injury from falling against the engine was peculiarly incidental to the presence of the engine in close proximity to the employee and his duties. *Id.* at ¶8, 40 P.2d at 34. The court further noted:

> If he had fallen backwards, or in any other direction save the one in which he did fall, he perhaps would have fallen upon the bare floor of the building ..., or upon the earth outside the building, neither of which would have presented a condition or hazard peculiar to claimant or to his situation in relation to his employment. Persons seized with epilepsy, vertigo, sunstroke, or other sudden and overpowering attacks usually fall where they are, and it is the presence of machinery, or height, or some other condition peculiar to the employment which increases the hazard or injury, but for the presence of which condition pecu-

liar to the employment the person so seized would suffer no greater hazard of additional injury than one not so situated.

*Id. See also Halliburton Serv. v. Alexander,* 1976 OK 16, ¶11, 547 P.2d 958, 961 ("Where accidental injury results from a risk factor peculiar to the task performed it arises out of the employment, although the fall had its origin in idiopathy of the employee."); *Moten v. Chandler Well Serv.,* 1961 OK 125, 363 P.2d 153 (injury resulting from idiopathic fall was compensable because working at seven-foot height was risk peculiar to claimant's employment); *but see Bittman v. Boardman Co.,* 1977 OK 32, 560 P.2d 967 (injury caused by idiopathic fall was not compensable because there was not a risk factor peculiar to the task performed); *Elred v. Sulphur Manor, Inc.,* 1997 OK CIV APP 59, 947 P.2d 605 (injury resulting from seizure not compensable because competent evidence supported finding that seizure occurred outside of work and that work-related stress did not cause the seizure).

¶6 Acknowledging the general rule and relying on its exception, Claimant in the instant case points to carrying the 50- to 70-pound piece of steel as a risk factor peculiar to his employment that contributed to the fall. We reject Claimant's argument.

¶7 It is undisputed that Claimant fell because of the seizure. Furthermore, it was undisputed at trial that the seizure was caused by a seizure disorder, from which Claimant had suffered for many years.[1] Therefore, it is clear from the record that the fall was idiopathic in nature. Consequently, Claimant was required to show that the hazard from falling was increased by a factor peculiar to employment, such as height or the presence of machinery. In other words, Claimant was required to show that, in connection with the idiopathic fall, he received an injury which he would not have received but for a situation peculiar to the employment. Claimant attempts to do this by referring to the steel plate that he was carrying.

---

1. At some point during these proceedings, Claimant seemed to be arguing that the stress of his job, including working long hours, caused him to have the seizure, thus entitling Claimant to a finding that his injury arose out of employment. However, Claimant abandoned this argument at trial.

However, Claimant does not show that the steel plate increased the risk, e.g., that he fell on the steel plate or that the steel plate fell on him, thereby causing an injury that he would not otherwise have received. Nor does Claimant argue that lifting the steel plate caused him to have the seizure. Therefore, falling on the bare floor did not present "a condition or hazard peculiar to claimant or to his situation in relation to his employment." *McKeever*, 1934 OK 763, ¶ 8, 40 P.2d at 34.[2]

¶ 8 Because Claimant's fall was idiopathic and because Claimant failed to show an increased hazard caused by a factor peculiar to his employment, we find that the panel's order affirming the trial court's finding that Claimant's injury did not arise out of employment is supported by competent evidence.

¶ 9 SUSTAINED.

¶ 10 STUBBLEFIELD, P.J., concurs, and RAPP, J., dissents.

RAPP, J., dissenting

¶ 1 I dissent. The issue is not whether Claimant suffered seizures but rather whether the injury arose from a risk associated with work. The incident occurred at work when he suffered a seizure, fell, *and struck his head on a concrete floor*. The injury occurred because his head hit his employer's concrete floor—*not because he had a seizure and fell.*

¶ 2 The concrete floor is an incident and risk of employment! As the Supreme Court said in *McKeever Drilling Co. v. Egbert*, 1934 OK 763, ¶ 8, 170 Okla. 259, 40 P.2d 32, 34, noting that there are exceptions:

> Persons seized with epilepsy, vertigo, sunstroke, or other sudden and overpowering attacks usually fall where they are, and it is the presence of machinery, or height, or some other condition peculiar to the employment which increases the hazard of injury, but for the presence of which condition peculiar to the employment the person so seized would suffer no greater hazard of additional injury than one not so situated. The hazard of an injury from falling against the engine was one incident to the proximity of the engine to claimant's work, and the injury actually received arose out of the employment.

¶ 3 I would reverse.

---

2. Even if we accepted Claimant's vague argument that the piece of steel somehow presented a peculiar risk, there is competent medical evidence in the record to support a finding that Claimant's injuries were caused by his disorder and not by his employment. Having taken a complete history of Claimant's condition, his past seizures, and the facts surrounding his fall, Employer's expert witness opined that Claimant "merely had a seizure related to a premorbid condition, while he was at work," but that "[h]is work had nothing to do with causing the seizure."