2004 OK CIV APP 18

Ladonna DEMPSEY, Petitioner,

v.

BALLARD NURSING CENTER, Security Insurance Company of Hartford, and Workers' Compensation Court, Respondents.

No. 99,057.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 16, 2003.

Rehearing Denied Nov. 3, 2003.

Certiorari Denied Jan. 26, 2004.

Gary G. Prochaska, Foshee & Yaffe, Oklahoma City, OK, for Petitioner.

Steven E. Hanna, Tulsa, OK, for Respondents.

Opinion by JOHN F. REIF, Judge.

¶1 This case concerns the denial of the workers' compensation claim of Ladonna Dempsey. A trial judge of the workers' compensation court ruled "claimant did not sustain an accidental personal injury [to her back] arising out of and in the course of·[her] employment with [Ballard Nursing Center], as alleged in the claim for compensation." This was the only reason given by the trial court for the denial of the claim. Upon Ms. Dempsey's appeal to a three-judge panel of the workers' compensation court, a majority of the judges affirmed the denial, finding it was "not against the clear weight of the evidence nor contrary to law."

¶2 Here on review, Ms. Dempsey contends that the orders of the workers' compensation court should be vacated, because they are unsupported by competent evidence. In particular, she argues that (1) uncontroverted evidence established an injury to her back from lifting patients in the course of her employment with Ballard Nursing Center on July 12, 2002, and (2) the medical evidence she presented showed an aggravation of pre-existing spondylolisthesis in her back, while the medical evidence of employer and insurance carrier did not address aggravation of the pre-existing spondylolisthesis.

¶3 In response, Employer and Insurance Carrier have noted that (1) the nurse aid with whom claimant worked on the day of her injury contradicted many of the details in claimant's account of being injured, and (2) the medical expert they presented found that claimant's need for surgery was due to her pre-existing spondylolisthesis and not the injury.

■ ¶4 In reviewing the record, we note that there are differences in the testimony of claimant and the nurse aid with whom she worked about (1) how many employees were involved when they lifted a patient· who weighed in excess of three hundred pounds, (2) whether claimant had difficulty straightening up after lifting this patient, and (3) discussions between the two about claimant's back hurting. However, none of these differences are material to the question of whether lifting this particular patient and other patients the remainder of the day produced strain on claimant's back. On this *material* point, there was no disagreement.

¶5 Claimant testified that lifting patients did hurt her back, while the nurse aid with whom she worked observed: "If you're not used to lifting hundred to 200 pound people your back's going to hurt. My back hurt for two weeks after I started working. It's something that just, if you're not used to lifting you're going to pull muscles and your back is just going to be sore." The nurse aid added that "you eventually condition to it and you get used to it," but did not indicate whether she knew how such stress and strain would affect a person with spondylolisthesis. Significantly, even the medical expert offered by Employer and Insurance Carrier referred to the "injury [claimant] sustained on July 12, 2002, while working for Ballard Nursing Home."

¶6 Based on the foregoing, we agree with claimant that it was uncontroverted that she lifted patients in the course of her work, such lifting involves strain that can hurt a person's back, and claimant experienced a hurt back injury that required medical attention after lifting patients at work. It appears that the trial court ·and three-judge panel treated these facts as uncontroverted in view of the fact that neither made a finding that claimant lacked credibility, that her testimony had been impeached, or that she failed to carry her burden of proof and persuasion.

[2, 3] ¶7 When there is no conflict in the evidence, the question of whether an employee has sustained an accidental injury arising out of employment is a question of law. *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, ¶6, 958 P.2d 795, 798. In this regard, it has long been recognized "[w]here accidental injury results from a risk factor peculiar to the task performed it arises out of the employment." *Halliburton Services v. Alexander,* 1976 OK 16, ¶11, 547 P.2d 958, 961. Also, "[s]train or over-exertion relates entirely to the person injured, as to whom the principal ingredient is found in unusual effect, rather than from unusual cause." *Meadow Gold v. Oliver,* 1975 OK 67, ¶19, 535 P.2d 290, 294. The workers' compensation court determination that claimant

did not sustain an "injury" is unsupported by competent evidence and is contrary to the uncontroverted evidence in the record.

¶ 8 In holding that claimant did sustain an injury, we are cognizant of the rule in *Brookshire v. Knippers Plumbing Co.,* 1964 OK 67, ¶ 6, 390 P.2d 887, 889:

> The fact that claimant may have suffered an accident does not, in itself, authorize an award to claimant. An award may be [made] for some form of disability due to an injury resulting from the accident.

*See also City of Littleton v. Schum,* 38 Colo. App. 122, 553 P.2d 399, 402 (1976) (the mere happening of an accident does not give rise to right to benefits, because benefits flow only to a worker who has suffered a disabling injury as the result of the accident).

¶ 9 On this latter issue, Employer and Insurance Carrier contend that the opinion of their medical expert provides competent evidence to deny claimant's claim for benefits. This doctor's report states: "In my opinion, [claimant] is in need of surgery to her back, but it is due to spondylolisthesis which is a pre-existing condition and not as a result of the injury she sustained on July 12, 2002, while working for Ballard Nursing Home."

¶ 10 The problem with this opinion is that it essentially says claimant needs surgery for the effects of the spondylolisthesis, and the injury of July 12, 2002, did not cause the spondylolisthesis. The question which the doctor did not address is whether the injury of July 12, 2002, aggravated the spondylolisthesis so that it requires surgery *now,* as opposed to surgery being the general medical treatment that would have eventually been needed to correct this condition.

¶ 11 It is well settled that "[c]ompensation benefits are not limited to perfectly healthy work[ers]." *Halliburton,* 1976 OK 16, ¶ 10, 547 P.2d at 960 (citation omitted). "This is true although evidence may indicate a claimant may be disabled by [pre-existing] disease in the future even though accidental injury had not occurred." *Id.* "[There is no] need the disability be attributable in any appreciable part to the injury, standing alone." *Marlar v. Marlar,* 1960 OK 110,

¶ 11, 353 P.2d 17, 19. "It is the *aggravation* of the disease by the injury which renders the entire disability resulting therefrom compensable." *Id.* (citations omitted). This is true at least insofar as treatment is concerned. Where a job-related injury aggravates the pre-existing disease/condition of spondylolisthesis, an award of workers' compensation benefits is proper. *National Zinc Company v. Cichon,* 1961 OK 185, 364 P.2d 699.

¶ 12 In *Stiles v. Oklahoma Tax Commission,* 1987 OK 85, ¶ 13, 752 P.2d 800, 803, the Oklahoma Supreme Court reversed an order by a three-judge panel denying a claim, because there was "a lack of competent evidence to support the review panel's factual conclusion that [the claimant] did not suffer an accidental and personal injury arising out of and in the course of ... employment." The *Stiles* case involved an injury based on aggravation of pre-existing arthritic condition and one of the reasons given by the Oklahoma Supreme Court to support its reversal was that "[n]o evidence was offered to support a conclusion that no aggravation of the condition had occurred or that the aggravation was solely due to factors beyond the work related stresses." *Id.* at ¶ 11, 752 P.2d at 802–03.

¶ 13 In holding that the claimant in *Stiles* was entitled to compensation for aggravation of his pre-existing condition, the Oklahoma Supreme Court said:

> It is a general rule in Workers' Compensation Law that an employer takes an employee as he finds him. That is, if an employee has a predisposition to be sensitive to stressful situations, the employer cannot avoid liability when the stresses imposed by the employment situation result in disability on the part of the employee.
>
> In Oklahoma disability resulting from the aggravation of a pre-existing disease or condition is compensable. Here the evidence established that work related stresses aggravated [claimant's pre-existing] condition.... The evidence that the stress existed was uncontroverted. There is a lack of competent evidence to oppose the

connection between the work related stresses and the aggravation of the [pre-existing] condition. Accordingly, we find a lack of competent evidence to support the review panel's factual conclusion that [claimant] did not suffer an accidental and personal injury arising out of and in the course of his employment. . . .

*Id.* at ¶¶ 12, 13, 752 P.2d at 803 (footnotes omitted). This passage from *Stiles* is equally applicable to the instant case and we adopt it as our holding herein.

¶ 14 Accordingly, the majority order of the three-judge panel is vacated and this case is remanded to the three-judge panel with directions to set aside the trial court's denial of the claim and to determine the benefits to which claimant Dempsey is entitled.

¶ 15 VACATED AND REMANDED WITH DIRECTIONS.

GOODMAN, P.J., and RAPP, J., concur.