BOBBY T. GOODE AND NANCY CALLAHAN CAMP v. TED C. HARRISON

No. 7927SC10

(Filed 4 March 1980)

Fires § 3; Negligence § 29— tenant cleaning fire box—use of gasoline soaked rag —sufficiency of evidence of negligence

    The trial court erred in directing verdict for defendant tenant where there was a jury question as to whether defendant exercised the degree of care which a reasonable man would have exercised when there was evidence that he used a rag which had gasoline on it to clean a fire box in which he did not know whether there was a fire, and there was a jury question as to whether this was a proximate cause of the burning of the house which belonged to plaintiff landlords.

APPEAL by plaintiffs from *Kirby, Judge.* Judgment entered on 12 September 1978 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 19 September 1979.

Plaintiffs appeal from a directed verdict in favor of the defendant. Plaintiffs' claim is based on the alleged negligence of defendant. The evidence tended to show that defendant occupied, as a tenant, a house owned by the plaintiffs. On 19 May 1976 the defendant attempted to start a fire in an oil heater on the premises. Defendant testified there was a fire box in the heater and to start it, a lighted piece of kleenex or tissue paper was thrown on the fire box. He threw three or four pieces of lighted tissue paper on the fire box but did not know whether anything was burning after he did so. He did not think the fire had started and thought there might be some soot or oil accumulated around the fire box area. He went outside and got a rag to wipe out the fire box. When he started wiping the fire box with the rag, it began to blaze and the house was destroyed. Mr. J. R. Greene, Chief of the Rural Fire Department of Boiling Springs, testified that he was at the fire and heard defendant say he was using rags and gasoline to clean the heater. At the end of the plaintiffs' evidence, the court directed a verdict for the defendant.

*Caudle, Underwood and Kinsey, by Lloyd C. Caudle and Scott C. Gayle, for plaintiff appellants.*

*George C. Collie for defendant appellee.*

WEBB, Judge.

We hold that the evidence considered in the light most favorable to plaintiffs was sufficient to withstand a motion for a directed verdict. *See Younts v. Insurance Co.*, 281 N.C. 582, 189 S.E. 2d 137 (1972). "Negligence is the failure to exercise that degree of care which a reasonable and prudent man, under like circumstances, would exercise . . . ." *See* 9 Strong's N.C. Index 3d, Negligence § 1 (1977) and the cases cited therein. If negligence is a proximate cause of injury or damage to another, the injured party has a claim against the negligent person. Proximate cause is a cause which: (1) in a natural and continuous sequence and unbroken by any new and independent cause produces an injury, (2) without which the injury would not have occurred, and (3) from which a person of ordinary prudence could have

reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed. *See McNair v. Boyette*, 15 N.C. App. 69, 189 S.E. 2d 590 (1972), *aff'd*, 282 N.C. 230, 192 S.E. 2d 457 (1972). We hold that, in this case, it was a jury question as to whether the defendant exercised the degree of care which a reasonable man would have exercised when there was evidence that he used a rag which had gasoline on it to clean a fire box in which he did not know whether there was a fire. It is also a jury question as to whether this was a proximate cause of the burning of the house.

Defendant contends the directed verdict was proper because there was insufficient evidence of the amount of damage to support a jury verdict. Conceding that plaintiffs did not offer sufficient evidence of damage to the property, a directed verdict was not proper. Plaintiffs would, on the evidence, be entitled to at least nominal damages. *See Clark v. Emerson*, 245 N.C. 387, 95 S.E. 2d 880 (1957).

Reversed and remanded.

Judges ARNOLD and WELLS concur.