JERRY THARP, Employee-Plaintiff v. SOUTHERN GABLES, INC., Self-Insured Employer, (CONSOLIDATED ADMINISTRATORS, INC., Servicing Agent), Defendant

No. COA96-573

(Filed 18 February 1997)

### 1. Workers' Compensation § 127 (NCI4th)— fall from roof— not caused by alcohol seizure

The Industrial Commission did not err in a workers' compensation action arising from plaintiff's fall from a roof by finding that plaintiff's injury was not proximately caused by an alcohol withdrawal seizure where plaintiff had a history of alcohol seizures and admitted to a drinking binge that ended four days prior to his injury. Upon a careful review of the record, no evidence exists that plaintiff was having an alcohol withdrawal seizure. A neurologist's testimony revealed that he did not have an opinion as to whether plaintiff had a seizure, alcohol induced or not; the most plaintiff would say in his testimony was that it was possible that it was a seizure but he did not know, suggesting that it could have been the heat; the incidents relied upon by defendant as medical evidence of prior seizures did not occur more than forty-eight hours after drinking; and the neurologist

**THARP v. SOUTHERN GABLES, INC.**

[125 N.C. App. 364 (1997)]

stated that it would not be normal to have an alcohol withdrawal seizure after more than three days and that an alcohol withdrawal seizure probably would not happen five days after consuming alcohol; and plaintiff's blood alcohol level was at 0.000 at the time of the incident.

**Am Jur 2d, Workers' Compensation § 256.**

2. **Workers' Compensation § 387 (NCI4th)— average weekly wage—evidence—business records exception**

The Industrial Commission did not err in a workers' compensation action by concluding that plaintiff's average weekly wage was $455.18 where defendant alleged that this amount was derived from plaintiff's unauthenticated and incorrectly admitted hearsay evidence, but the records are admissible under the business records exception to the hearsay rule. Plaintiff testified as to the records' authenticity and that the records were made at or near the time of the transaction. Consequently, the Commission's findings of fact and conclusions of law were based on competent evidence in accordance with the North Carolina Rules of Evidence. N.C.G.S. § 8C-1, Rule 803(6).

**Am Jur 2d, Workers' Compensation §§ 582-585.**

**Comment Note.—Hearsay evidence in proceedings before state administrative agencies. 36 ALR3d 12.**

**Admissibility of physician's testimony as to patient's statements or declarations, other than res gestae, during medical examination. 37 ALR3d 778.**

3. **Workers' Compensation § 476 (NCI4th)— fall from roof— allegations of alcoholic seizure—unfounded litigiousness —attorney's fees**

The Industrial Commission correctly awarded plaintiff attorney's fees in a workers' compensation action where the Commission stated that defendant's defense was grounded in unfounded litigiousness. Both the deputy commissioner and the full Commission found that plaintiff did not have a seizure, but suffered from an unexplained fall from the roof of a house, so that defendant's reliance upon N.C.G.S. § 97-12 was unreasonable. Furthermore, the evidence reveals that defendant denied plaintiff compensation prior to receiving his medical records based on plaintiff's seizures "over the years" despite the adjuster

being aware of relevant case law suggesting otherwise. Defendant continued to argue that N.C.G.S. § 97-12 applied at a hearing before a deputy commissioner, despite having no evidence that plaintiff actually suffered a seizure, much less one proximately caused by intoxication, and despite an inability to cite authority to support its position. When defendant took a position contrary to established case law, its actions were unreasonable and litigious. N.C.G.S. § 97-88.1.

**Am Jur 2d, Workers' Compensation §§ 722, 725.**

Appeal by defendant from opinion and award entered 8 March 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 January 1997.

*Robert S. Hodgman & Associates, by Robert S. Hodgman, for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Timothy S. Riordan and M. Reid Acree, Jr., for defendant-appellant.*

SMITH, Judge.

Plaintiff was employed as an independent contractor performing roofing work on Southern Gables' projects. On 1 July 1994, plaintiff fell from a roof to the ground. Plaintiff testified that he arrived at work at approximately 8:00 a.m. and fell at 2:00 p.m. Plaintiff claims he became dizzy just prior to his fall and has no other memory of the incident.

Plaintiff was transported to and received treatment from Moses H. Cone Memorial Hospital (Moses Cone Hospital), where he was diagnosed as suffering a T3-T4 fracture dislocation with complete paraplegia, bilateral hemopneumothorax and seizure disorder. On 1 July 1994, Dr. Elsner at Moses Cone Hospital performed a surgical decompression and stabilization of thoracic spinal fractures. Plaintiff received occupational therapy from Moses H. Cone Health Care Services, as well as Moses H. Cone Rehabilitation Center. Plaintiff also received treatment after his fall from Dr. Joseph W. Stiefel at Guilford Neurologic Associates. Plaintiff was discharged from Moses H. Cone Rehabilitation Center on 8 September 1994.

The record shows that prior to plaintiff's fall, he had a history of alcohol withdrawal seizures since 1988. Plaintiff was diagnosed as a chronic alcohol user, and smoked marijuana daily. Plaintiff's wife tes-

tified that plaintiff's binges occurred three to four times per month and that these binges lasted up to a week. Plaintiff had previously received treatment for alcohol withdrawal seizures from Moses Cone Hospital and Wesley Long Community Hospital (Wesley Long Hospital), as well as from Dr. Jeffrey J. Schmidt, a neurologist. Plaintiff admitted to a nine day drinking binge that ended 26 June 1994, four days prior to his injury. Plaintiff also has a medical history of seizures unrelated to alcohol intake. Defendant contends that plaintiff's claim was denied because plaintiff fell from the roof because of an idiopathic condition, specifically a seizure which was pre-existing and not connected to his employment.

Deputy Commissioner Tamara N. Nance heard the matter on 1 December 1994. Prior to the hearing, the parties entered into a pre-trial agreement, where an employment relationship between plaintiff and Southern Gables and plaintiff's medical records were stipulated. The deputy commissioner issued an opinion and award in which she concluded that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant when he fell from the roof on 1 July 1994. Deputy Commissioner Nance disagreed with defendant's argument that plaintiff's claim is barred under the North Carolina General Statutes section 97-12 intoxication defense. N.C. Gen. Stat. § 97-12 (1991). Defendant appealed to the Full Commission.

On 8 March 1996, the Full Commission issued an opinion and award affirming Deputy Commissioner Nance's decision regarding whether plaintiff's injury was proximately caused by his intoxication and plaintiff's average weekly wage. Further, the Full Commission found that defendant's intoxication defense pursuant to section 97-12 was "grounded in unfounded litigiousness" pursuant to North Carolina General Statutes Section 88.1 and awarded plaintiff attorney's fees for the cost of the proceeding at the deputy commissioner level as well as $500.00 for costs. The Full Commission did not find that plaintiff required attendant medical care, and accordingly denied plaintiff's wife's claim for nursing services. Defendant appeals from the opinion and award.

Defendant argues first that the Full Commission erred in failing to find that plaintiff's injuries were proximately caused by his intoxication. We disagree.

The standard of review in cases appealed from the Industrial Commission "is limited to a determination of whether the Commis-

**THARP v. SOUTHERN GABLES, INC.**

[125 N.C. App. 364 (1997)]

sion's findings of fact are supported by competent evidence and whether the conclusions of law are supported by the findings." *Ross v. Mark's Inc.*, 120 N.C. App. 607, 610, 463 S.E.2d 302, 304 (1995). Accordingly, if competent evidence exists, the Industrial Commission's findings of fact are conclusive on appeal even though there may be evidence which would support a contrary finding. *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 468 S.E.2d 396 (1996); *Fletcher v. Dana Corporation*, 119 N.C. App. 491, 459 S.E.2d 31, *disc. review denied*, 342 N.C. 191, 463 S.E.2d 235 (1995).

[1] It is defendant's contention that it is relieved from liability under the Workers' Compensation Act because plaintiff's injury was proximately caused by his intoxication. North Carolina General Statutes section 97-12 of the North Carolina Workers' Compensation Act states:

> No compensation shall be payable if the injury or death to the employee was proximately caused by:
>
> > (1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee . . . .

Defendant-employer has the burden of proving the affirmative defense of intoxication. *Anderson v. Century Data Systems*, 71 N.C. App. 540, 545, 322 S.E.2d 638, 641 (1984), *disc. review denied*, 313 N.C. 327, 327 S.E.2d 887 (1985). Defendant must "prove only that the employee's intoxication was more probably than not a cause in fact of the accident resulting in injury to the employee." *Id.*

> Proximate cause has been defined as follows:
>
> (1) in a natural and continuous sequence and unbroken by any new and independent cause produces an injury, (2) without which the injury would not have occurred, and (3) from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed.

*Goode v. Harrison*, 45 N.C. App. 547, 548-49, 263 S.E.2d 33, 34 (1980). In the case *sub judice*, the Industrial Commission specifically found that:

> 7. Plaintiff suffers from an idiopathic seizure disorder accentuated by alcohol and poor compliance with medication. However, there is insufficient evidence of record to find by its

greater weight that plaintiff's fall from the roof on 1 July 1994 was caused by an alcohol withdrawal seizure, or any other kind of seizure for that matter.

The Commission further found that:

12. This case is one of first impression in North Carolina, in that defendant's defense in this case deals with intoxication that is not contemporaneous with the employee's injury by accident, more specifically alcohol withdrawal seizures allegedly resulting in plaintiff's injury by accident. The first impression nature of this case results from the fact that past cases of precedential value have dealt only with fact scenarios under which the intoxication and the injury were contemporaneous. Defendant's defense of this claim is not persuasive or reasonable considering past case law, that the employee had a zero blood alcohol level at the time of the accident, and that there is no other evidence of plaintiff's intoxication contemporaneous with his injury by accident. Therefore, defendant's defenses of intoxication pursuant to N.C. Gen. Stat. § 97-12 as it has been interpreted to date by the courts is grounded in unfounded litigiousness pursuant to N.C. Gen. Stat. § 97-88.1.

Defendant argues its evidence shows that plaintiff had a history of alcohol withdrawal seizures as a result of his alcohol abuse and intoxication. Defendant references plaintiff's medical records from Moses Cone Hospital which indicate a history of seizures which are related to alcohol consumption, and the testimony from Dr. Schmidt, who upon evaluating plaintiff noted a history of alcohol withdrawal seizures. Defendant argues that as Dr. Schmidt's testimony indicated that alcohol withdrawal seizures generally occur two to three days after ceasing to drink, and that they can also occur up to one week afterward, that plaintiff's injury was noncompensable. Moreover, defendant contends that plaintiff's own testimony acknowledged that he may have had a seizure which caused his fall on 1 July 1994, since he admitted to feeling dizzy prior to his fall.

Notwithstanding defendant's claims that plaintiff experienced an alcohol withdrawal seizure which caused his fall, competent evidence in the record supports the Commission's findings that plaintiff did not have a seizure. Contrary to defendant's assertions, Dr. Schmidt's testimony reveals that he did not have an opinion as to whether plaintiff had a seizure, alcohol induced or not. He testified as follows:

**THARP v. SOUTHERN GABLES, INC.**

[125 N.C. App. 364 (1997)]

Q: Doctor, based on the times you saw Mr. Tharp and the history he gave you and your treatment, I want you to make some assumptions. I want you to assume that he was engaged in one of his alcohol drinking binges for approximately nine or ten days ending on June 25th or June 26th of 1994 and that he did not drink thereafter from either June 25th or 26th through July 1st of '94, approximately four or five days; that he was on a roof on July 1st of '94, remembers being dizzy and does not remember much else; that he fell from that roof and hurt himself.

And assume that he was having seizure-like activity in the Emergency Room on that day—on July 1st of '94—after his fall. And assume that he had approximately seven or eight seizures per year between 1989 and 1994, and assume that he was not taking his medications for approximately or at least one year before July 1st of 1994 . . . Do you have an opinion as to whether Mr. Tharp had a seizure on the roof that day—on July 1st of '94?

. . .

A: (By the witness) No I don't.

Further, defendant alleges that plaintiff's own testimony suggests that he had a seizure on 1 July 1994; however, upon review of the record, the most plaintiff would say was that it was possible that it was a seizure but he did not know—plaintiff went on to suggest that it "[c]ould have been the heat, I don't know" as his testimony was that it was around ninety (90) degrees while he was working. Thus, from a careful review of the record, no evidence exists that plaintiff was having an alcohol withdrawal seizure. Moreover, the incidents relied upon by defendant as medical evidence of plaintiff's prior seizures did not occur more than forty-eight (48) hours after drinking. Additionally, Dr. Schmidt stated that it would not be normal to have an alcohol withdrawal seizure after more than three days and that an alcohol withdrawal seizure probably would not happen five days after consuming alcohol. Plaintiff's blood alcohol level was 0.000 at the time of the incident. Accordingly, the Commission did not err in finding that plaintiff's injury was not proximately caused by an alcohol withdrawal seizure.

[2] Defendant's second argument is that the Commission erred in concluding that plaintiff's average weekly wage was $455.18. Defendant alleges that this amount was derived from plaintiff's unauthenticated and incorrectly admitted hearsay evidence. The items

**THARP v. SOUTHERN GABLES, INC.**

[125 N.C. App. 364 (1997)]

which defendant contends are hearsay evidence are records prepared by Jill and Ronald Lowery, defendant, plaintiff and several Federal Forms 1099.

However, a review of relevant case law reveals that the records are admissible under the business records exception to the hearsay rule. The business records exception to the hearsay rule states as follows:

> Records of Regularly Conducted Activity.—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of the information or the method or circumstances of preparation indicated lack of trustworthiness. . . .

N.C.R. Evid. 803(6).

At the hearing, plaintiff testified as to the records' authenticity and that the records were made at or near the time of the transaction; thus, the records were properly admitted into evidence under the business records exception. *See State v. Rupe,* 109 N.C. App. 601, 611, 428 S.E.2d 480, 487 (1993) (holding that a witness familiar with the business records and the circumstances under which they were made may establish the authenticity of the records; that the records need not be authenticated by the person who actually made them; and that if the records are found to have been made at or near the time of the particular transaction, the authenticating person's testimony is not needed). Consequently, as the Commission's findings of fact and conclusions of law regarding plaintiff's average weekly wage were based on competent evidence in accordance with the North Carolina Rules of Evidence, defendant's argument is without merit.

[3] Defendant's third argument is that the Commission incorrectly awarded plaintiff attorney's fees. We disagree.

Our Court may review *de novo* whether defendant had a reasonable ground to bring a hearing. *Troutman v. White & Simpson, Inc.,* 121 N.C. App. 48, 464 S.E.2d 481 (1995), *disc. review denied,* 343 N.C. 516, 472 S.E.2d 26 (1996). "This requirement ensures that defendants do not bring hearings out of 'stubborn, unfounded litigiousness.' " *Id.*

at 51, 464 S.E.2d at 484 (quoting *Beam v. Floyd's Creek Baptist Church,* 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990)). In the instant action, the Commission stated that "defendant's defense of this claim is grounded in unfounded litigiousness pursuant to N.C. Gen. Stat. § 97-88.1." North Carolina General Statutes section 97-88.1 states that:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceeding including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

N.C. Gen. Stat. § 97-88.1 (1991).

In this action, both Deputy Commissioner Nance and the Full Commission found that plaintiff did not have a seizure, and that plaintiff suffered "an unexplained fall from the roof of a house." Thus, defendant's reliance upon section 97-12 of the North Carolina General Statutes was unreasonable. Further, the evidence reveals that defendant denied plaintiff compensation prior to receiving his medical records, stating that because plaintiff had suffered seizures "over the years" that this was enough to deny the claim. Defendant's adjuster did this despite being aware of relevant case law suggesting otherwise. *See DeVine v. Steel Co.,* 227 N.C. 684, 44 S.E.2d 77 (1947); *Rewis v. Insurance Co.,* 226 N.C. 325, 38 S.E.2d 97 (1946). Moreover, despite defendant's inability to cite authority to support its position at a hearing before Deputy Commissioner Nance, defendant continued to argue that section 97-12 applied despite having no evidence that plaintiff actually suffered a seizure, much less one proximately caused by intoxication. Accordingly, when defendant took a position contrary to established case law, his actions were unreasonable and litigious. *See Troutman,* 121 N.C. App. 48, 464 S.E.2d 481. Therefore, we hold the Commission correctly concluded that defendant did not have reasonable grounds for maintaining a defense under section 97-12 of the General Statutes.

For all of the reasons stated herein, the opinion and award of the North Carolina Industrial Commission is affirmed.

Affirmed.

Judges JOHN and McGEE concur.