DONNA LEWIS, Employee, Plaintiff v. SONOCO PRODUCTS COMPANY, Employer; HOME INSURANCE COMPANY, Carrier; GAB ROBINS, Servicing Agent, Defendants

No. COA99-367

(Filed 21 March 2000)

**1. Workers' Compensation— total disability—return to work**

The Industrial Commission did not err by concluding that plaintiff was entitled to continue receiving temporary total disability benefits despite a video of plaintiff mowing a lawn and an appearance before a Board of Adjustment. Competent evidence supports the finding that plaintiff may have engaged in intermittent mowing activities and appeared once before a Board of Adjustment but had not returned to either full or part-time employment. Defendants did not file the appropriate form for terminating plaintiff's benefits for reasons other than a return to work and plaintiff's earning capacity is not addressed.

**2. Workers' Compensation— consideration of evidence— findings**

The Industrial Commission's findings in a workers' compensation action do not indicate that it did not consider and evaluate all of the evidence where its direction that benefits were to be reinstated effective 16 July 1996 did not indicate that the Commission failed to recognize that benefits had been unilater-

ally reinstated in 1997, only that benefits should never had been terminated in 1996 and were to be reactivated as of that date.

**3. Workers' Compensation— attorney fees—appeal by insurer**

The Industrial Commission did not err by awarding plaintiff attorney fees where the defendant insurer appealed, the Commission ordered defendant to reinstate benefits, the sum awarded was for defending the appeal, and the amount was not disputed. N.C.G.S. § 97-88.

**4. Workers' Compensation— attorney fees—costs—no reasonable grounds for appeal**

The Industrial Commission did not err in a workers' compensation action by awarding attorney fees to plaintiff under N.C.G.S. § 97-88.1 where defendants erroneously used Form 28T to terminate plaintiff's benefits and did not have reasonable grounds to appeal the opinion and award of the deputy commissioner to the full Commission.

Appeal by defendants from an opinion and award entered 13 November 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 January 2000.

*Eagen, Eagen & Adkins, by Charles E. Flowers III and Philip S. Adkins, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Michael C. Sigmon and Joy H. Brewer, for defendant-appellants.*

HUNTER, Judge.

Sonoco Products Company, Home Insurance Company, and GAB Robins (collectively "defendants") terminated the temporary total disability workers' compensation benefits of Donna Lewis ("plaintiff") with the filing of North Carolina Industrial Commission ("Industrial Commission") Form 28T on the basis that plaintiff had returned to work. Plaintiff disputed that she had returned to work and requested a hearing on the matter. Both a deputy commissioner and the Full Industrial Commission ("Full Commission") found in her favor. Defendants appeal. We affirm on the basis that defendants never established that plaintiff had returned to work.

The evidence indicates that plaintiff was employed by Sonoco Products Company as a trimmer operator in August 1994. On 5 May

1995, plaintiff suffered an injury to her back when she picked up a can of strap rings while at work for employer. Plaintiff's treating physician indicated in his 12 October 1995 medical notes that plaintiff's back injury required fusion surgery. Defendants requested an independent medical examination by Dr. William Lestini, who, in his 1 January 1996 evaluation, agreed that plaintiff was a reasonable candidate for an instrumented two-level fusion and decompression surgery. Defendants requested a second independent medical evaulation. Dr. Robert W. Elkins examined plaintiff on 2 June 1996, and agreed that surgery was a serious option for plaintiff.

Plaintiff's injury was accepted as compensable per an Industrial Commission Form 21, entitled "Agreement for Compensation for Disability Pursuant to N.C. Gen. Stat. § 97-82" which was approved by the Industrial Commission on 10 January 1996. On 16 July 1996, defendants filed an Industrial Commission Form 28T, entitled "Notice of Termination of Compensation by Reason of Trial Return to Work Pursuant to N.C. Gen. Stat. § 97-18.1(b) and N.C. Gen. Stat. § 97-32.1." On the Form 28T, defendants explained: "Employee has returned to work for other employer and in self-employed capacity without employer's knowledge." With the filing of the Form 28T, plaintiff's benefits were terminated. In response, plaintiff requested a hearing on the matter.

The case was heard before Deputy Commissioner Edward Garner, Jr. on 23 January 1997. After the hearing, Garner recused himself and this case was reassigned to Deputy Commissioner George T. Glenn, II. Deputy Commissioner Glenn reviewed the transcript of the evidence and on 22 September 1997 filed an opinion and award concluding that defendants had failed to show that plaintiff had returned to gainful employment and therefore she was entitled to continue receiving temporary total disability compensation. Defendants appealed and the Full Commission affirmed the opinion and award of Deputy Commissioner Glenn on 13 November 1998. Defendants appeal.

[1] Defendants first argue that "the Full Commission acted under a misapprehension of legal principles when it concluded that plaintiff-appellee was entitled to continue receiving temporary total disability benefits." On appeal, defendants contend that plaintiff's presumption of total disability was successfully rebutted by the demonstration that plaintiff had wage earning capacity, although they made no motion on this basis before the Industrial Commission.

Once a Form 21 agreement is entered into, the employer is deemed to have admitted liability and a presumption of disability attaches in favor of the plaintiff. *Kisiah v. W. R. Kisiah Plumbing,* 124 N.C. App. 72, 476 S.E.2d 434 (1996), *disc. review denied,* 345 N.C. 343, 483 S.E.2d 169 (1997). While demonstration of wage earning capacity generally rebuts the presumption of total disability, defendants' filing of Industrial Commission Form 28T indicates that it sought to suspend plaintiff's benefits *only* on the basis of her return to work. Form 28T indicates that benefits are to be terminated because a plaintiff has returned to work, pursuant to N.C. Gen. Stat. § 97-18.1(b) and N.C. Gen. Stat. § 97-32.1, which provide in pertinent part, respectively:

> (b) An employer may terminate payment of compensation for total disability being paid pursuant to G.S. 97-29 when the employee has returned to work for the same or a different employer, subject to the provisions of G.S. 97-32.1, or when the employer contests a claim pursuant to G.S. 97-18(d) within the time allowed thereunder. The employer shall promptly notify the Commission and the employee, on a form prescribed by the Commission, of the termination of compensation and the availability of trial return to work and additional compensation due the employee for any partial disability.

N.C. Gen. Stat. § 97-18.1(b) (1999).

> Notwithstanding the provisions of G.S. 97-32, an employee may attempt a trial return to work for a period not to exceed nine months. During a trial return to work period, the employee shall be paid any compensation which may be owed for partial disability pursuant to G.S. 97-30. If the trial return to work is unsuccessful, the employee's right to continuing compensation under G.S. 97-29 shall be unimpaired unless terminated or suspended thereafter pursuant to the provisions of this Article.

N.C. Gen. Stat. § 97-32.1 (1999). In the present case, defendants did not assert any other reason for termination of plaintiff's benefits besides "return to work" on the Form 28T, which is to be used only when a claimant has returned to work.

The Industrial Commission's workers' compensation rule entitled "Trial Return to Work" states, in pertinent part:

> (1) . . . [W]hen compensation for total disability being paid pursuant to N.C. Gen. Stat. § 97-29 is terminated because the

employee has returned to work for the same or a different employer, such termination is subject to the trial return to work provisions of N.C. Gen. Stat. § 97-32.1. When compensation is terminated under these circumstances, the employer or carrier/administrator shall file a Form 28T and provide a copy of it to the employee and the employee's attorney of record, if any.

(2) If during the trial return to work period, the employee must stop working due to the injury for which compensation had been paid, the employee shall complete and file a Form 28U and provide a copy of the completed form to the employer and carrier/administrator. A Form 28U shall contain a section which must be completed by the employee's authorized treating physician certifying that the employee's injury for which compensation had been paid prevents the employee from continuing the trial return to work. If the employee returned to work with an employer other than the employer at the time of injury, the employee must complete the "Employee's Release and Request For Employment Information" section of a Form 28U.

(3) Upon receipt of a properly completed Form 28U, the employer or carrier/administrator shall forthwith resume payment of compensation for total disability. If the employee fails to provide the required certification of the authorized treating physician or if the employee fails to execute the "Employee's Release and Request" section of a Form 28U, if required pursuant to paragraph (2) above, the employer or carrier/administrator shall not be required to resume payment of compensation. Instead, in such circumstances, the employer or carrier/administrator shall forthwith return a Form 28U to the employee and the employee's attorney of record, if any, along with a statement explaining the reason the Form 28U is being returned and the reason compensation is not being reinstated.

. . .

(5) When the employer or carrier/administrator has received a properly completed Form 28U and contests the employee's right to reinstatement of total disability compensation, it may suspend or terminate compensation only as provided in N.C. Gen. Stat. § 97-18.1 and/or pursuant to the provisions of N.C. Gen. Stat. § 97-83 and N.C. Gen. Stat. § 97-84.

**LEWIS v. SONOCO PRODS. CO.**

[137 N.C. App. 61 (2000)]

Workers' Comp. R. of N.C. Indus. Comm'n 404A(1)-(3), (5), 2000 Ann. R. 718, 718-19 (Lexis). While defendants assert that plaintiff did not abide by section (2) above by completing and filing a Form 28U, the record reveals the plaintiff denied that she ever attempted a "trial return to work" and thus she was not required to file a Form 28U.

The Industrial Commission's workers' compensation rules also provide that if an employer seeks to terminate or suspend compensation for a reason other than payment without prejudice or trial return to work, the employer shall notify the employee on an Industrial Commission Form 24, which is entitled "Application to Stop Payment of Compensation." Workers' Comp. R. of N.C. Indus. Comm'n 404(2), 2000 Ann. R. 717, 717 (Lexis). It is undisputed that defendants in the present case did not file a Form 24 seeking to terminate plaintiff's compensation on grounds other than plaintiff's "return to work." Therefore, the only issue before the Full Commission pursuant to defendants' filing of the Form 28T was whether or not plaintiff had returned to work, warranting termination of benefits pursuant to N.C. Gen. Stat. § 97-18.1(b). Accordingly, the Full Commission did not consider the issue of whether or not plaintiff had wage earning capacity and neither does this Court.

As to the issue of plaintiff's return to work, the Full Commission found, in pertinent part:

> 10. Plaintiff assisted her husband who has a small lawn cutting business. She has mowed lawns on perhaps five different occasions since the injury on 5 May 1995 until she was videotaped in June of 1996. She received no compensation for her services, but rather did so because she was tired of sitting at home. Plaintiff is not an employee for any of her parents' businesses, but appeared before the Board of Adjustment on her mother's behalf. She received no compensation for her efforts but did so out of love and affection for her mother.
>
> . . .
>
> 12. Defendant-Employer filed a Form 28T on 16 July 1996, alleging that Plaintiff "has returned to work for another employer and/or was working in a self-employed capacity without employer's knowledge." The employer relied on a videotape provided by a detective agency showing the Plaintiff on a riding lawn mower with an automatic transmission slowly mowing a relatively flat area. The detective agency surveiled the Plaintiff for a

period of four months off and on, and videotaped the Plaintiff on only one occasion performing what can only be described as light duty effort which had previously been approved by the treating physician. The employer also relied, among other things, upon plaintiff's appearance before the City of Burlington's Board of Adjustment and a newspaper article concerning that appearance.

13. The Defendant-Employer had already indicated light duty was not available to the Plaintiff. Plaintiff did not receive any compensation for mowing or for appearing before the Board of Adjustment. Without any further inquiry of the Plaintiff, or Plaintiff's husband, Defendant summarily terminated Plaintiff's compensation, purportedly pursuant to N.C. Gen. Stat. § 97-18.1(b).

14. There is insufficient evidence in the record to prove that Plaintiff has returned to gainful employment as Defendants alleged.

The Full Commission concluded that "there is insufficient evidence in the record to show that Plaintiff has returned to gainful employment," and that a Form 28T is to be used by the employer only when such employer is certain that the employee has returned to work and has conclusive evidence to establish the employment. It pointed out that when the employer is uncertain whether the employee has returned to work, the employer should file a Form 24, a culmination of N.C. Gen. Stat. § 97-18.1(c), which provides in pertinent part:

(c) An employer seeking to terminate or suspend compensation . . . for a reason other than those specified in subsection (b) of this section [payment without prejudice and trial return to work] shall notify the employee and the employee's attorney of record in writing of its intent to do so on a form prescribed by the Commission. . . .

N.C. Gen. Stat. § 97-18.1(c) (1999). This conclusion is in accord with the Industrial Commission's Workers' Compensation Rule 404(2), which provides that a Form 24 is to be filed when an employer seeks to terminate benefits for reasons other than payment without prejudice or trial return to work.

The standard of appellate review of an opinion and award of the Industrial Commission is limited to a determination of (1) whether its findings of fact are supported by any competent evidence in the record; and (2) whether the Industrial Commission's findings of fact

LEWIS v. SONOCO PRODS. CO.

[137 N.C. App. 61 (2000)]

justify its legal conclusions. *Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 493 S.E.2d 305 (1997). The Industrial Commission's conclusions of law are reviewable *de novo* by this Court. *Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 491 S.E.2d 678 (1997), *disc. review denied*, 347 N.C. 671, 500 S.E.2d 86 (1998). Our review of the record indicates that competent evidence supports the finding that plaintiff may have engaged in intermittent mowing activities and appeared once before a Board of Adjustment. However, she had not returned to either full or part-time employment which, in turn, supports the conclusion that plaintiff's benefits should not be terminated pursuant to defendants' Form 28T request. As we have noted, defendants did not file a Form 24 for the purpose of terminating plaintiff's benefits for reasons other than a return to work; as a result, the issue of plaintiff's wage earning capacity was not considered by the Full Commission and we do not address defendants' argument on this issue. Accordingly, we overrule defendants' first assignment of error.

[2] Defendants next contend that the Full Commission committed an abuse of discretion by failing to make a finding that plaintiff's compensation benefits were unilaterally reinstated by defendants on 21 August 1997 pursuant to an Industrial Commission Form 62. Defendants argue the Full Commission made no finding as to this fact and stated that "[d]efendants shall reinstate temporary total disability benefits to the Plaintiff effective July 16, 1996." Therefore, they contend, it is obvious that the Full Commission did not consider all of the evidence because if it had, it would have reinstated benefits only from their termination in 1996 to their reinstatement in 1997. We disagree.

"Before making findings of fact, the Industrial Commission must consider *all* of the evidence. The Industrial Commission may not discount or disregard any evidence, but may choose not to believe the evidence *after* considering it." *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (emphasis in original). The record reveals that plaintiff's benefits were reinstated on 21 August 1997, retroactive to 18 July 1997, pursuant to an Industrial Commission Form 62 "Notice of Reinstatement . . . ." The "reasons for reinstatement" blank on the form is completed with the statement "Ms. Lewis has undergone a change in condition." No other information regarding the change of condition is shown on the form. The direction of the Full Commission that benefits were to be reinstated effective 16 July 1996 does not indicate that the Full Commission did not recognize that they were reinstated in 1997 due to a change in condition. Our review reveals that it merely indicates

**LEWIS v. SONOCO PRODS. CO.**

[137 N.C. App. 61 (2000)]

that plaintiff's benefits should have never been terminated on 16 July 1996 and they were to be reactivated as of that date because defendants failed to show plaintiff had returned to work. The Full Commission's findings do not indicate that it did not consider and evaluate all of the evidence as required by *Weaver v. American National.* Accordingly, this assignment of error is overruled.

[3] Finally, defendants' last assignment of error states: "The Full Commission committed a manifest abuse of discretion by awarding attorney's fees to plaintiff-appellee pursuant to N.C. Gen. Stat. §§ 97-88 and 97-88.1." To the contrary, our review reveals that the Full Commission awarded attorney's fees pursuant to N.C. Gen. Stat. § 97-88 and costs pursuant to N.C. Gen. Stat. § 97-88.1; however, we shall address the propriety of both awards.

Under N.C. Gen. Stat. § 97-88, "[e]xpenses of appeals brought by insurers":

> If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including compensation for medical expenses, to the injured employee, the Commission or court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

N.C. Gen. Stat. § 97-88 (1999). Interpreting this statute, this Court has held that the Industrial Commission may award attorney's fees when: "(1) the insurer has appealed a decision to the full Commission or to any court, and (2) on appeal, the Commission or court has ordered the insurer to make, or continue making, payments of benefits to the employee." *Estes v. N.C. State University,* 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994). Thus, pursuant to N.C. Gen. Stat. § 97-88, an employee may be awarded attorney's fees and there is no requirement that the insurer had no reasonable grounds to pursue the appeal. *Troutman v. White & Simpson, Inc.,* 121 N.C. App. 48, 53, 464 S.E.2d 481, 485 (1995), *disc. review denied,* 343 N.C. 516, 472 S.E.2d 26 (1996). In other words, an award of attorney's fees under N.C. Gen. Stat. § 97-88 is permitted even if the insurer who institutes the proceeding has reasonable grounds and is ordered as a result of the pro-

ceeding to make or continue making benefit payments to the injured worker. However, the Industrial Commission may only award attorney's fees under N.C. Gen. Stat. § 97-88 to the injured worker for the portion of the case attributed to the insurer's appeal(s). *Id.* The order of the Full Commission in the present case states that "Defendants shall pay Plaintiff's attorney the sum of $1,000.00 as reasonable attorney's fees for defending this appeal, pursuant to N.C. Gen. Stat. § 97-88." Defendants do not dispute the amount awarded. They only dispute that the award was made to plaintiff. Since the defendant insurer appealed in the present case and the Commission ordered it to reinstate benefits to plaintiff, the award of attorney's fees in the present case was proper under N.C. Gen. Stat. § 97-88, and this assignment of error is overruled.

[4] Similarly, the Industrial Commission may assess the whole cost of the proceedings, including reasonable attorney's fees, against the party who brought or defended the proceeding without reasonable grounds. N.C. Gen. Stat. § 97-88.1 (1999). The purpose of N.C. Gen. Stat. § 97-88.1 is to prevent " 'stubborn, unfounded litigiousness' which is inharmonious with the primary purpose of the Workers' Compensation Act to provide compensation to injured employees." *Beam v. Floyd's Creek Baptist Church*, 99 N.C. App. 767, 768, 394 S.E.2d 191, 192 (1990) (*quoting Sparks v. Mountain Breeze Restaurant*, 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982)). In the present case, the Full Commission found that:

> 15. At the time of filing the Form 28T, Defendants had no evidence that plaintiff was attempting a trial return to work. Filing the Form 28T without knowledge from the same employer or a different employer that the employee and employer had agreed to a trial return to work was *improper use of the Form 28T. The resulting litigation in support of the improper use of the Form 28T was unfounded. Thus this hearing has been brought and prosecuted by the Defendants without reasonable ground.*

(Emphasis added). Subsequently, the Full Commission ordered that "Defendants shall pay $3,500.00 to plaintiff's counsel pursuant to N.C. Gen. Stat. § 97-88.1 as part of the bill of costs." As with attorney's fees, defendants do not dispute the amount of the award, just the propriety of the award being made to plaintiff.

The Industrial Commission is

> authorized under N.C.G.S. § 97-88.1 to assess attorney's fees, and other costs, for the entire case, against a party prosecuting or

defending a hearing without reasonable grounds. The decision of whether to make such an award, and the amount of the award, is in the discretion of the Commission, and its award or denial of an award will not be disturbed absent an abuse of discretion.

*Troutman,* 121 N.C. App. at 54-55, 464 S.E.2d at 486 (citations omitted). In order to determine whether or not the Full Commission abused its discretion, we must examine whether or not the reasonable grounds requirement was met by defendants under N.C. Gen. Stat. § 97-88.1. In *Tharp v. Southern Gables,* 125 N.C. App. 364, 481 S.E.2d 339, *disc. review denied,* 346 N.C. 184, 48 S.E.2d 219 (1997), we held that where no evidence existed that claimant was having alcohol withdrawal seizure at the time of injury and the employer was unable to cite any authority to support the intoxification defense, the employer did not have reasonable grounds to request a hearing before the Industrial Commission based on an intoxication defense. In another case, this Court held that the carrier's motion to stop payment of compensation was brought without reasonable grounds based upon the finding that the carrier acted in violation of Industrial Commission rules by terminating benefits without the Commission's approval, and refusing to resume immediate payments following a deputy commissioner's order. *Hieb v. Howell's Child Care Center,* 123 N.C. App. 61, 472 S.E.2d 208, *disc. review denied,* 345 N.C. 179, 479 S.E.2d 204 (1996).

In the present case, no evidence indicated that defendants were informed by an employer that plaintiff had returned to work. Our review of the record indicates that substantial evidence was consistent with plaintiff's claim that she had not returned to work. *See Sparks v. Mountain Breeze Restaurant,* 55 N.C. App. 663, 286 S.E.2d 575. Therefore, we agree with the Full Commission that defendants erroneously used Form 28T to terminate plaintiff's benefits. Accordingly, we hold that defendants did not have reasonable grounds to appeal the opinion and award of the deputy commissioner and the Full Commission did not abuse its discretion in awarding costs to plaintiff under N.C. Gen. Stat. § 97-88.1. Accordingly, this assignment of error is overruled.

Affirmed.

Judges JOHN and McGEE concur.