I concur in the result in this case and write separately to briefly address the legal issues raised under Section 97-38 of the Act.
Section 97-38 states in pertinent part:
 "If death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid"
[Emphasis added]. Under the circumstances of this case, there is little question that plaintiff died more than six years from his date of injury. The relevant inquiry, therefore, is whether plaintiff died within two (2) years from the final determination of disability.
I agree with the findings of the majority opinion in this case, and in the companion file, I.C. No. 467935, to the effect that the parties entered into a Form 21 Agreement that was approved by the Industrial Commission on 20 October 1994 approving payment for "necessary weeks" of compensation. Upon approval by the Industrial Commission, the Form 21 Agreement became an Award and a determination of disability by the Industrial Commission. See Lewis v. Sonoco Products Co., 137 N.C. App. 61,526 S.E.2d 671 (2000); Kisiah v. W.R. Kisiah Plumbing, 124 N.C. App. 72,476 S.E.2d 434 (1996). In most cases, the Form 21 Agreement for "necessary weeks" may be the final determination of disability and there may be no need for, nor any further determination of disability by the Commission. Thus, in many cases the approval of the Form 21 Agreement by the Industrial Commission may in fact be "the final" [or last] determination of disability.
Unfortunately for the defendants, under the circumstances of this case, and by their own actions, the Commission's approval of the Form 21 was not the final determination of disability in this case. Out of an abundance of precaution, defendants initiated this proceeding to obtain an express finding by the Commission that plaintiff was permanently and totally disabled. The Commission did not render its "final determination" on this issue until Deputy Commissioner Stephenson, or this panel of the Full Commission, entered the Opinion and Award in this claim. Thus, the "final determination" did not occur with the approval of the Form 21 Agreement. And because plaintiff's death is with within two years from the Commission's last finding on disability, the death claim is not precluded by the two year provision of Section 97-38.
I write separately in an effort to hopefully prevent the perverse procedural and substantive outcome that occurred in this case from occurring in future cases. Defendants prudently, however improvidently, filed a Form 33 in this case requesting a hearing to determine that plaintiff was permanently and totally disabled in an effort to secure a "final determination of disability" to avoid death benefits under the 2 year provision of Section 97-38. As a consequence, the Commission was required to expend resources and the parties needlessly expended time and money to unnecessarily determining an issue that was not in controversy. There was no question that plaintiff was disabled and his disability was continuing. Whether he was technically "permanently and totally disabled" rather than merely entitled to continuing total disability benefits was a moot issue which did not require the intervention of the Commission. The proceeding became perverse because the defendants were seeking to establish that plaintiff was "more disabled" than the determination of continuing disability for "necessary weeks" awarded in the Form 21 Agreement. The result is that the "final" or last determination of disability was within the 2-year period of Section 97-38. Had defendants not sought the determination that plaintiff was "totally and permanently" disabled, the "final" or last determination of disability would have occurred with the Form 21 Agreement and the claim for death benefits would have to be denied under Section 97-38. Moreover, the plaintiff, his widow, the Commission, and others would have been saved the mental strife and economic expense of needlessly litigating the issue of "permanency" because litigation of this issue was not necessary and did not present a justiciable controversy for determination by the Commission.
Because the question of when the "final determination" is made can vary under the circumstances of each case, and the legal question is raised as to whether defendant was required to seek a determination of "permanency" after there was a prior agreement [whether by means of a Form 60 or Form 21] to pay continuing, necessary benefits, I find defendants' action to be perverse and legally unnecessary. Hopefully, parties will recognize that further determination will not be necessary after a Form 60 or Form 21 is filed agreeing to pay benefits in order to invoke "final determination" provision of Section 97-38.
For these reasons, I agree with the Award of death benefits under the specific circumstances of this case.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER