2005 OK CIV APP 70

**PEMBERTON CHEVROLET, INC. and Oklahoma Automobile Dealers Self–Insurance Association, Petitioners,**

v.

**Michael HARGER and The Workers' Compensation Court, Respondents.**

No. 101,806.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 2, 2005.

Margaret E. Dunn, Tulsa, OK, for Petitioners.

Walt Brune, Walt Brune, P.C., James G. DeVinney, DeVinney & Turner Law Firm, P.C., Ponca City, OK, for Respondent Michael Harger.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶1 Petitioners Pemberton Chevrolet and Oklahoma Automobile Dealers Self–Insurance Association (Employer) seek review of an order of a three-judge panel which affirmed the Workers' Compensation Court's order finding Respondent Michael Harger had sustained an injury arising out of and in the course of employment, and awarding temporary total disability benefits. Competent evidence supports the finding that Harger's fall was due to an idiopathic condition which was exacerbated by an obstacle in the workplace, making the injury compensable. We therefore sustain the panel's order.

¶2 In his Form 3, Harger claimed work-related injuries to the head, face, nose, left eye, brain, neck, teeth, and right foot which

occurred when he stubbed his toe and fell into a car lift June 24, 2004. In its Form 2, Employer's First Notice of Injury, Employer asserted that Harger was injured when he fell during a seizure. In its first Form 10, Employer denied Harger had sustained an injury arising out of and in the course of employment. In a subsequent Form 10, Employer added as an affirmative defense "idiopathic injury due to alcohol withdrawal, seizure, and/or other factors unrelated to work, including intoxication."

¶ 3 Trial was held October 7, 2004. The trial court issued its Order Awarding Temporary Total Disability Benefits October 12, 2004. The trial court found that Harger sustained an injury to the head (brain) face, nose, left eye, teeth, and neck arising out of and in the course of employment. The Order denied the claimed injury to the right foot. Paragraph 2 of the Order provides:

THAT while working in the respondent's repairshop (sic) claimant suffered a seizure or fainting spell which caused him to fall and strike various areas of his head on a car lift. His injuries are the result of an idiopathic fall induced by claimant's pre-existing physical condition. However, the court is strongly convinced that his injuries would not have occurred but for striking his head on the car lift which is a risk factor peculiar to his employment as an automotive technician. Flanner v. Tulsa Public Schools, 2002 OK 8, 41 P.3d 972; Halliburton Services v. Alexander, 1976 OK 16, 547 P.2d 958.

The Order further found Harger was entitled to TTD payments from June 27, 2004 and continuing, along with reasonable and necessary medical treatment.

¶ 4 Employer appealed the trial court's Order to a three-judge panel. The panel affirmed the Order by a two to one vote. The dissenting panel member stated that the matter should be remanded to the trial court "to make a finding on the 'intoxication' defense." Employer now seeks review of the panel's Order. We will sustain an order of a three-judge panel if the order is supported by competent evidence. Parks v. Norman Municipal Hospital, 1984 OK 53, 684 P.2d 548.

¶ 5 Employer argues that no competent evidence supports a finding that Harger's seizure was not caused by alcohol use or abuse and that the trial court therefore erred in failing to address the intoxication defense raised by Employer. Employer also contends that once it showed the seizure was caused by use or abuse of alcohol, Harger failed to rebut the defense by showing by a preponderance of the evidence that his fall was not directly caused by the use or abuse of alcohol.

¶ 6 A claimant's intoxication is an affirmative defense to a claim for workers' compensation benefits. Title 85 O.S.2001 § 11(A)(3) establishes the defense:

A. Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of an employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury, and in the event of disability only, except as follows:
* * *

3. An injury which occurs when an employee is ... using or abusing alcohol or illegal drugs, or is illegally using chemicals; provided, this paragraph shall only apply when the employee is unable to prove by a preponderance of the evidence that the substances, alcohol, illegal drugs, or illegally used chemicals were not the proximate cause of the injury or accident. For the purposes of this paragraph, post-accident alcohol or drug testing results shall be admissible as evidence; and
* * *

¶ 7 At trial, Harger denied that he suffered a seizure. He testified he was walking from the computer room back to the area where he was working on a car, and while reading service manual information instead of paying attention to where he was going, he walked into the lift. He explained that he hit the lift first with his right toe and when he bent down to grab his foot, he smashed his face

into the lift. Harger testified he drank five beers the night before his fall. He stopped drinking at 11:00 p.m. Harger went to work at 8:00 a.m. and fell into the lift around 10:00 a.m.

¶ 8 Harger agreed he had suffered an alcohol withdrawal related seizure two or three years before the incident involved in this claim. Harger testified that the doctors who treated him then suggested he enter an alcohol rehabilitation program. Harger completed twenty-six days of rehab, but at the time of trial he testified he consumed alcohol daily. Harger's testimony was unclear whether he had taken prescription Xanax at the time of the fall. Harger denied using marijuana.[1] Harger indicated he was unaware that during the eight days he was hospitalized following the fall in this case, doctors had kept him sedated to control his agitation related to alcohol withdrawal. He agreed the doctors asked him to enter an alcohol treatment program after he was released from the hospital.

¶ 9 John Campbell, who also works for Employer, testified that he was standing in the parts room and had a view of the car lift at Harger's workstation. He observed Harger walking towards the lift in Harger's work area when "he—all the sudden he made a noise and collapsed." Later Campbell testified that he did not see Harger hit his foot before he fell. Campbell explained "(w)ell, when I seen (sic) him, I mean he just went— like he stiffened up and fell, so I didn't see him hit nothing (sic)."

¶ 10 Harger's medical expert, Dr. Knight, opined in his report that Harger sustained work-related injuries to his head, face, nose, teeth, left eye, brain, neck, and right foot. Dr. Knight found Harger remained TTD from June 24, 2004 and continuing.

¶ 11 After he fell, Harger was taken by ambulance to a local hospital. The hospital report indicates Harger had a seizure and fell while at work. On the same date, Harger was moved by medi-flight to a hospital in Wichita, Kansas. The records from that hospital indicate the principal diagnosis was "multiple facial fractures including bilateral

maxillary sinus, bilateral nasal bone, bilateral medial orbital wall and frontal sinus fracture." The secondary diagnoses included alcohol abuse, alcohol withdrawal, "delirium tremens severe," closed head injury, and malnutrition. In the hospital, Harger continued to suffer alcohol withdrawal seizures, agitation, and delirium tremens. He was sedated and kept in ICU from June 24, 2004 until July 4, 2004 to control his agitation. Doctors then prescribed Tegretol for alcohol withdrawal symptoms. Harger was released from the hospital July 8, 2004. The report indicated he declined his doctor's suggestion that he enter an alcohol treatment center.

¶ 12 Employer's medical expert, Dr. Hensley, noted Harger had a negative blood alcohol test on June 24, 2004, the date of his fall. Dr. Hensley indicated Harger reported drinking three to four beers a day since he was a teenager. Harger also reported to Dr. Hensley that in 2002 he completed a 28 day alcohol rehabilitation but began drinking again a year later. Dr. Hensley noted the records from the hospital, Harger's explanation for the fall, and Harger's "history of excessive alcohol usage," and opined "this patient had an alcohol withdrawal seizure (so-called rum fit) resulting in a fall and facial injury."

¶ 13 Dr. Hensley's report, along with the records from the Wichita hospital, provides competent evidence to support the finding that Harger fell as a result of a seizure. Employer argues that the panel erred in affirming the finding that Harger's seizure was idiopathic and the implicit denial of its intoxication defense.

¶ 14 Oklahoma has not addressed the issue of whether an alcohol withdrawal seizure comes within the 85 O.S.2001 § 11(A)(3) intoxication defense to a claim for compensation. The issue of an alcohol withdrawal seizure causing a fall while on the job has been addressed in several states. Without exception, these cases have concluded that an alcohol withdrawal seizure is an idiopathic condition. See *Pittsburg & Midway Coal*

---

1. A drug screen performed the day of his fall showed positive results for benzodiazepines and marijuana.

*Mining Co. v. Rubley,* 882 So.2d 335 (Ala. Civ.App.2002) (worker fell due to either low blood sugar or alcohol withdrawal seizure, both of which were idiopathic, which the court defined as "a characteristic peculiar to the individual, such as a preexisting physical weakness or disease;" finding of compensability reversed because no evidence supported a finding of an "affirmative employment contribution" to the injury in addition to the idiopathic cause); *Evans v. Hara's, Inc.,* 123 Idaho 473, 849 P.2d 934 (1993) (alcohol withdrawal seizure resulted in claimant falling on a level concrete floor and striking his head; court held fall was due to idiopathic condition and that no "risk occasioned by the circumstances or instrumentalities of" his work contributed to the injury so it was found not compensable);[2] *Smith v. Container General Corporation,* 559 So.2d 1019 (Miss.1990) (injuries sustained by employee in idiopathic fall caused by alcohol withdrawal seizure arose out of and in the course of employment because "a fall upon a work premise floor is a confrontation with a condition of employment," and therefore the injury was compensable); *Sudduth v. Williams,* 517 S.W.2d 520 (Tenn.1974) (fall to level ground caused by alcohol withdrawal seizure was idiopathic and was not compensable where no special hazard related to employment contributed to the injury).

¶ 15 The cases cited above concluded the alcohol withdrawal seizure was idiopathic and then determined whether the injuries were compensable based only on whether a condition of employment contributed to the injuries. None of these cases reached the intoxication defense issue. However, two courts have addressed facts similar to Harger's where the employer raised an intoxication defense.

¶ 16 In *Tharp v. Southern Gables, Inc.,* 125 N.C.App. 364, 481 S.E.2d 339 (1997) the claimant, who had history of alcohol withdrawal seizures, fell from a roof while working four days after a nine-day drinking binge. The trial court (deputy commissioner) found that the accident arose out of and in the course of employment and denied the employer's intoxication defense. The full commission affirmed. The North Carolina Court of Appeals noted that under that state's statutes, no compensation is payable if the claimant's injury was proximately caused by the claimant's intoxication. 125 N.C.App. at 368, 481 S.E.2d 339, citing North Carolina General Statutes § 97–12. The court further explained that the employer bears the burden of proving that the employee's intoxication "was more probably than not a cause in fact of the accident." *Id.* The court noted that no case had previously addressed whether alcohol withdrawal, rather than contemporaneous intoxication at the time of injury, came within the intoxication defense. *Id.* at 369, 481 S.E.2d 339. The appeals court found competent evidence supported the commission's finding that the claimant did not suffer a seizure, and the court noted the claimant's blood alcohol level was 0.000 at the time of the fall. *Id.* The court therefore affirmed the commission's decision that the claimant's injury was not proximately caused by intoxication. *Id.* at 370, 481 S.E.2d 339. Ultimately the court did not reach the issue of whether an alcohol withdrawal seizure would come within the intoxication defense.

¶ 17 More closely resembling the facts of this case is *ERC Contractor Yard & Sales v. Robertson,* 335 Ark. 63, 977 S.W.2d 212 (1998). The Arkansas intoxication defense requires a finding that the injury was "substantially occasioned by the use of alcohol." In *Robertson,* the commission and the appellate court agreed that the claimant's "fall was caused by an alcohol-withdrawal condition which was personal in nature, or idiopathic." The ALJ found that the fall was from scaffolding and that the injury was compensable because his employment conditions increased the effects of the fall. The appellate court

---

**2.** In *Evans,* the Idaho Supreme Court noted medical evidence indicated "some individuals suffer from alcohol withdrawal seizures when heavy alcohol consumption is stopped or greatly reduced. The period of greatest risk is from one to three days following the consumption of alcohol." The court also noted the seizures "begin with a rapid loss of consciousness and are generally followed immediately by a stiffening of the muscles in the body ..." When the individual regains consciousness, there is often no memory of the seizure. 849 P.2d at 937. This summary comports with the circumstances of Harger's fall.

affirmed that finding also. After he fell, the claimant's blood-alcohol test showed 0.01% alcohol. The employer denied the claim based on the intoxication defense. The claimant admitted he had a history of alcohol abuse, but denied he had been drinking the day of the accident. His doctors concluded he fell as a result of an alcohol withdrawal seizure. The ALJ found the injury was compensable because the fall was caused by an idiopathic condition and the worksite conditions contributed to the injury. The ALJ found that the presence of alcohol was insufficient to show that the accident was "substantially occasioned by alcohol."

¶ 18 In Arkansas, the presence of alcohol in a blood test raises a presumption that the accident was substantially occasioned by alcohol; the employee then must prove by a preponderance of the evidence that the accident was not substantially occasioned by alcohol. The Arkansas Supreme Court agreed with the employer that the blood alcohol test showed a slight amount of alcohol which triggered the presumption. *Id.* at 215. However, the court found substantial evidence supported the finding that the claimant had rebutted the presumption by a preponderance of the evidence—specifically, the court noted the claimant's testimony that he had not been drinking the day of the evidence, which was corroborated by his girlfriend and his supervisor, the low blood alcohol test result, and the doctors' conclusion that the seizure was caused by alcohol withdrawal. *Id.* The court then addressed the employer's argument that the fall was substantially occasioned by the use of alcohol because without the claimant's long-term use of alcohol, he would not have had an alcohol withdrawal seizure which caused his fall at work. The Arkansas Supreme Court held that the statutory language "substantially caused by the use of alcohol" meant that the accident must be caused *by the use* of alcohol, not by *abstinence from* the use of alcohol. *Id.* at 216 (emphasis in original). The court held that the statutory language required a direct causal link between the use of alcohol and the injury in order for the

intoxication defense to bar compensation. *Id.*

¶ 19 The court then explained that an alcohol withdrawal seizure is an idiopathic condition because it is personal or peculiar to the individual. *Id.,* citing 1 Larson, *Workers' Compensation Law,* § 12.11 (1998). The court noted that an idiopathic fall is not compensable unless conditions related to employment contribute to the risk by placing the employee in a position which increases the effects of the idiopathic fall. *Id.* The court found substantial evidence supported the commission's decision that the idiopathic fall was more dangerous because the employee was on scaffolding while working and that the injury was therefore compensable. *Id.*

¶ 20 We are persuaded by the authority from other states that an alcohol withdrawal seizure is an idiopathic condition. The Oklahoma intoxication defense statute differs from that of Arkansas in that the Oklahoma statute denies compensation for an injury which occurs when the employee is using *or abusing* alcohol (or other named substances). 85 O.S.2001 § 11(A)(3). While it could be argued that an alcohol withdrawal seizure is the result of alcohol abuse, we find that to so hold in this case would be to expand the scope of the statute. We leave that determination for the legislature. And, competent evidence supports the implicit finding that Harger proved by a preponderance of the evidence that alcohol was not the proximate cause of his injury, based on Harger's testimony he had not been drinking the day of the accident and because the blood alcohol test result was negative.

¶ 21 In this case, the panel affirmed the trial court's finding that Harger sustained an idiopathic fall, the effects of which were increased because Harger fell into the auto lift which was a hazard of employment. Competent evidence supports that finding. The Oklahoma Supreme Court has held that where the conditions of employment subject a claimant to increased injuries from an idiopathic condition, the injury will be compensable. *Flanner,*[3] *supra,* 2002 OK 8 at ¶¶ 7–8,

3. In *Flanner,* the claimant fell at work due to an epileptic seizure. She happened to be standing near a coffee pot and was burned by the hot coffee pot when she fell. The Oklahoma Su-

41 P.3d 972, citing Larson, *Workers' Compensation Law,* § 9.01 (2001). The panel's order is SUSTAINED.

HANSEN, J., and JOPLIN, P.J., concur.

preme Court held that the coffee pot was a factor peculiar to her employment which contributed to her injuries from an idiopathic fall. 2002 OK 8 at ¶ 17, 41 P.3d 972. The court therefore re-versed the finding that the injury was not compensable. Thus, Harger's fall into the car lift, even if caused by an alcohol withdrawal seizure, is work related under *Flanner.*